## TUCKER *et al. v.* GURLEY *et al.*

(Division B.   Oct. 4, 1937. Suggestion of Error Overruled Nov. 1, 1937.)

[176 So. 279.   No. 32809.]

Fred **B. Smith,** of Ripley, and **L. A. Smith, Sr.,** of Holly Springs, for appellants.

414

Lester G. Fant, Sr. & Jr., of Holly Springs, for appellees.

Argued orally by **Lester G. Fant, Sr.**, for appellee.

**Griffith, J.,** delivered the opinion of the court.

This is the third appearance of this case in this court, the two former appeals being reported in 170 Miss. 565, 155 So. 189, and 176 Miss. 708, 170 So. 230.

The principal assigned error argued by appellants is the admission in evidence of the American Experience Table of Mortality. It is the general rule, sustained by a wealth of authority, that courts take judicial notice of standard mortality tables and make repeated use and application of the information therein contained. 1 Jones' Com. on Evidence, p. 804. Such mortality tables are not conclusive upon the question of life expectancy in any particular case, but are admissible merely as an

aid to the jury. 23 C. J. 163, sec. 1989. It has, therefore, been held in many cases in other jurisdictions that poor health, existing disease, or engagement in a hazardous occupation are circumstances which go to the weight of the mortality tables as evidence, but do not destroy their admissibility. 4 Jones' Ev., sec. 1743.

In some of our earlier cases in this state the rule was rather strict, see Vicksburg, etc., Railroad Co. v. White, 82 Miss. 468, 34 So. 331; Mississippi Oil Co. v. Smith, 95 Miss. 528, 534, 48 So. 735; but in the later case, Mississippi Cent. Railroad Co. v. Robinson, 106 Miss. 896, 903, 64 So. 838, the holding was in effect that such tables are admissible when the party, whose life expectancy is the subject of inquiry, is shown to have been in good health at the time of his wrongful death, and engaged in an occupation not extrahazardous nor such as likely to impair the health.

In the case now before us the deceased was shown to be 27 years of age at the time of his wrongful death, was in good health, and was engaged year by year in farming, out of which he made an annual income of approximately $1,000. The mortality tables were properly admitted in evidence.

The other assignments of error, so far as they have been argued by appellants, have been examined, and we are of the opinion that no reversible error has been shown.

Affirmed.