LEE, Justice,
for the Court:
The armed robbery conviction of Jacob Stewart was affirmed by this Court on May 2, 1979, petition for rehearing was denied July 11, 1979,[1] and the case was remanded to the Circuit Court of Hinds County for imposition of a term reasonably expected to be less than life. The original sentence of appellant was seventy-five (75) years with the Mississippi Department of Corrections.
In the resentencing hearing, three (3) witnesses were introduced. One identified and gave testimony concerning a mortality table which indicated the life expectancy of appellant to be 50.37 years. The second witness testified that, from the information in hand, appellant was in reasonably good physical and mental health. A third witness, an employee of the Hinds County Circuit Clerk’s Office, identified certain records pertaining to the sentences received by appellant’s accomplices.
After the hearing, the lower court resen-tenced appellant to thirty-five (35) years with the Mississippi Department of Corrections. He has appealed from that sentence and contends that (1) the sentence was excessive when compared to the sentences of his accomplices in the crime, and (2) the mortality table was incorrectly admitted into evidence because it did not deal with the class of persons of which appellant was a member.
The court records indicate the following dispositions of the case against appellant’s accomplices:
(1) Robert Flax was indicted but has not been tried. A bench warrant has been issued for his arrest.
(2) Oliver Alfred Walker was sentenced to five (5) years in the Mississippi Department of Corrections. However, those five years were suspended, and he was placed on five (5) years probation.
(3) Robert Earl Lewis was sentenced to fifteen (15) years with twelve (12) years suspended, and placed on five (5) years probation.
(4) Raymond Thomas, Jr. was sentenced to fifteen (15) years with twelve (12) years suspended, and placed on five (5) years probation.
Pleas of guilty were entered by Walker, Lewis and Thomas, and there is no record here as to the extent of their participation in the crime. Suffice it to say, the *1339 sentence imposed upon appellant was within the limits prescribed by the statute, and, in our opinion, was within the mandate of Stewart v. State, supra, since the sentence was for a definite term reasonably expected to be less than life.
Generally, the Court may take judicial notice of mortality tables. Tucker v. Gurley, 179 Miss. 412, 176 So. 279 (1937). In this case, a qualified insurance agent testified and there was introduced in evidence by him the Commissioners’ 1958 Standard Ordinary Mortality Table, indicating the life expectancy of a person twenty (20) years of age (the age of appellant) to be 50.37 years. Mortality tables are used by courts as aids in arriving at the reasonable life expectancy of persons in reasonably good health and in occupations not unduly hazardous or likely to impair the health. We hold that it was not necessary for a mortality table relating only to persons sentenced to imprisonment in correctional institutions or penitentiaries to be used and that the mortality table introduced here was competent as an aid to the court in determining the reasonable life expectancy of the defendant.
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.

. Stewart v. State, 372 So.2d 257 (Miss.1979).