ROBERTS, J.,
for the Court:
¶ 1. This appeal stems from the October 4, 2011 conviction of Tommy Hampton on one count of armed robbery. Hampton was sentenced, as a habitual offender, to twenty years in the custody of the Mississippi Department of Corrections (MDOC). Feeling aggrieved, Hampton now appeals.
FACTS AND PROCEDURAL HISTORY
¶ 2. On December 2, 2010, Ashton Van-devender was working as a teller at Citizens National Bank when, at approximately 11:45 a.m., she returned from lunch to her teller window and saw an older, African American male standing close to her teller window. The man, later identified *1040 as Hampton, was wearing multiple layers of clothes, a bandana and baseball cap on his head, and clear safety glasses on his face. Vandevender testified that he was not cleanly shaven and was approximately six feet tall. Vandevender asked Hampton if he needed help, and he responded, “No.” Hampton then threw a plastic bag toward her and pointed an antique-looking revolver at her. He told her to put all her twenty dollar bills and one hundred dollar bills into the bag. Vandevender complied with Hampton’s demand. He then took the bag with the money and left the bank. Vandevender pushed the panic button to alert the police of the robbery.
¶ 3. After receiving tips concerning the bank robbery, the police identified Hampton as a suspect. They included his picture in a photographic lineup that was shown to the bank employees and customers that were present the day of the robbery. Vandevender identified Hampton from the photographic lineup. Another employee picked Hampton with sixty percent certainty, while another employee picked him with eighty to eighty-five percent certainty. A bank customer also identified Hampton from the photographic lineup. The police arrested Hampton for the armed robbery of the bank.
¶ 4. Hampton was indicted on March 23, 2011, on one count of armed robbery as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2007). A jury trial was held in the Laud-erdale County Circuit Court on October 4, 2011. Hampton did not testify at trial. After hearing the evidence presented, the jury convicted Hampton of one count of armed robbery. His sentencing hearing was held on October 31, 2011. Pursuant to Mississippi Code Annotated section 97-3-79 (Rev.2006), the circuit judge acknowledged that the jury was not asked to decide if a life sentence was appropriate; and therefore, “it would be up to the [circuit court] to sentence [Hampton] to some sentence reasonably calculated to be less than life....” Hampton was sixty-three at the time of sentencing. Due to Hampton’s habitual-offender status, the circuit judge stated Hampton’s sentence should be a “sentence reasonably calculated to be less than life but that his sentence would be served day for day, without the possibility of any type of early release consideration or any good time.” Both the State and Hampton’s attorney reiterated the correct standard that Hampton’s sentence should be the statutory maximum sentence that is reasonably calculated to be less than life. Hampton’s attorney argued that the State presented no testimony or evidence as to what a Hampton’s sentence should be in this case. However, Hampton’s attorney failed to provide any evidence or testimony on the issue either. When requesting leniency, Hampton’s attorney asked the circuit court to recognize Hampton was sixty-three years old at the time of his sentence and had been an alcoholic most of his life. The circuit judge sentenced Hampton, as a section 99-19-81 habitual offender, to twenty years in the custody of the MDOC. Pursuant to Mississippi Code Annotated section 99-19-23 (Rev.2007), the circuit court credited Hampton with 172 days for time served before he was released on bond plus the time he served after his conviction but before his sentencing hearing. Effectively, the sentence pronounced on October 31, 2011, was for Hampton to serve 19.5 years, as a habitual offender, in the custody of MDOC since Hampton had already completed almost six months in custody at the time of his sentencing.
¶ 5. Hampton filed a motion for a judgment notwithstanding the verdict (JNOV) and a motion for a new trial. The circuit court denied the motions. Hampton executed the current appeal and raised only one issue: “Whether the [circuit] court *1041 erred in sentencing Hampton to ... twenty (20) years when such a length equates to a life sentence, which could have only been imposed by the jury.”
ANALYSIS
¶ 6. “[T]he general rule in this state is that sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute.” Hoops v. State, 681 So.2d 521, 538 (Miss.1996) (quoting Fleming v. State, 604 So.2d 280, 302 (Miss.1992)).
¶ 7. Hampton argues that the circuit court erred in sentencing him to twenty years in the custody of the MDOC because it failed to .consult an actuarial table or take into account other evidence of Hampton’s life expectancy. With his brief, Hampton submitted two actuarial tables indicating that the average life expectancy of a sixty-three-year-old is 20.2 years. Hampton continues his argument by stating that his actual life expectancy is much lower than 20.2 years once you also factor in his sex, race, and geographic location. According to Hampton, being an African American male in Mississippi who was raised before advances in healthcare and medical sciences, greatly shortens his life expectancy to well under 20.2 years. Thus, Hampton claims his twenty-year sentence is illegal since it clearly exceeds his actual life expectancy.
¶ 8. We disagree with Hampton’s assertions and affirm the circuit court’s imposition of Hampton’s twenty-year sentence in the custody of the MDOC.
¶ 9. First, it is elemental that a trial judge cannot be placed in error on a matter never presented to him for decision. See Ballenger v. State, 667 So.2d 1242, 1256 (Miss.1995); Haddox v. State, 636 So.2d 1229, 1240 (Miss.1994); Ponder v. State, 335 So.2d 885, 886 (Miss.1976). “A trial judge will not be found in error on a matter not presented to him for decision.” Jones v. State, 606 So.2d 1051, 1058 (Miss.1992) (citations omitted). Hampton failed to register any objection to his sentence at trial. He simply remained mute during and after imposition of his sentence. Therefore, he did not properly preserve the issue for appeal. The circuit judge never had the opportunity to address the merits of this argument at trial. The only possible avenue available for review of Hampton’s claim is the plain-error doctrine.
¶ 10. Mississippi Rule of Evidence 103(d) provides that a court may take notice of “plain errors affecting substantial rights although they were not brought to the attention of the court.” Further, Mississippi Rule of Appellate Procedure 28(a)(3) states that an appellate court may take notice of “a plain error not identified or distinctly specified.” Mississippi case law is replete with definitions of plain error. It is required “that there be an error and that the error must have resulted in a manifest miscarriage of justice.” Flora v. State, 925 So.2d 797, 811 (¶42) (Miss.2006) (emphasis added) and (citation omitted). Next, a substantive or fundamental right of the defendant must be affected. Id. (citing Grubb v. State, 584 So.2d 786, 789 (Miss.1991)). An analysis under the plain-error doctrine “includes a determination of whether there is an error that is some deviation from a legal rule[;] whether the error is plain, clear[,] or obvious[;] and whether the error is prejudicial in its effect upon the outcome of the trial court proceedings.” Fleming v. State, 790 So.2d 888, 892 (¶8) (Miss.Ct.App.2001) (citing Porter v. State, 749 So.2d 250, 260-61 (¶ 36) (Miss.Ct.App.1999)). With this understanding of the correct parameters of plain-error analysis, we find that the circuit court did not commit any error, much less plain error.
*1042 ¶ 11. According to Hampton, the actuarial tables he attached to his brief show that his life expectancy as a sixty-three-year-old African American male was only 16.4 years. However, these actuarial tables are not proper for our review. In McCullough v. State, 47 So.3d 1206, 1211 (¶ 18) (Miss.Ct.App.2010), this Court held that a recording and affidavit submitted by Johnny McCullough was not part of the trial record since “McCullough cannot make them part of the record by simply attaching copies to his briefs filed with this Court.” It is clear precedent that “through the record, the appellant must establish any facts underlying a claim of error. This Court cannot review an allegation of error without having before it a reviewable record; nor can this Court ... rely on assertions of fact in an appellant’s brief.” Ross v. State, 603 So.2d 857, 861 (Miss.1992). In Ross, Sammy Joe Ross attempted “to support his speedy trial claim by attaching to his brief an uncerti-fied copy of a docket sheet from a previous indictment.” Id. The supreme court stated that it “cannot accept ‘evidence’ asserted in or attached to a brief.” Id.
¶ 12. Procedural bars aside, if we were to take judicial notice of the actuarial tables Hampton includes in his brief, we would look solely to the life expectancy of the average United States citizen to determine if a sentence is reasonably calculated to be less than life. Relying on the actuarial table Hampton provided, a sixty-three-year-old United States citizen has a life expectancy of 20.2 years.[1] The circuit judge actually sentenced Hampton to serve 19.5 years in the custody of the MDOC. Obviously, 19.5 is less than 20.2. A sentence even fractionally shorter than a defendant’s life expectancy is not an illegal sentence. See Payton v. State, 897 So.2d 921, 950 (¶ 112) (Miss.2003); Ware v. State, 410 So.2d 1330, 1332 (Miss.1982); Henderson v. State, 402 So.2d 325, 328-29 (Miss.1981). Further, the record at sentencing contained abundant evidence of Hampton’s age, date of birth, and habitual-offender status, as well as other material normally relevant to sentencing, for the circuit judge to consider.
¶ 13. The dissent agrees with Hampton’s claims that his life expectancy must be measured by factors, such as gender, race, residency in Mississippi, and alleged past chronic alcohol abuse. While both Hampton and the dissent are correct that a sixty-three-year-old African American male’s life expectancy is only 16.4 years, a twenty-year sentence does not exceed the 20.2-year life expectancy of the average American citizen. In establishing maximum sentences, consideration of other factors such as gender, race, and ethnicity is impermissible and likely unconstitutional.[2] To illustrate the point, if Bonnie and Clyde, equally culpable codefendants of the same age, jointly commit armed rob *1043 bery at the local bank and are convicted, the dissent would find constitutionally tolerable Bonnie’s sentence of five years greater than Clyde’s sentence since Bonnie is a female whose life expectancy exceeds Clyde’s by five years. As explained above, we find the more appropriate and constitutionally sound measure of life expectancy is to rely on that of the average American citizen.
¶ 14. The outcome of Hampton’s case is controlled by the precedent found in the supreme court case of Cox v. State, 793 So.2d 591 (Miss.2001). In Cox, the supreme court held Eddie James Shorty was procedurally barred from claiming his thirty-year sentence for armed robbery exceeded his life expectancy. Id. at 599 (¶ 38). Randy Cox and Shorty jointly robbed the Donnie’s Deli convenience store in Southaven, Mississippi. Id. at 594 (¶¶ 2-4). Shorty, not a habitual offender, was sentenced to thirty years of imprisonment. Id. at (¶ 6). Neither the State nor Shorty introduced any life-expectancy tables into evidence. Id. at 598-99 (¶ 32). The circuit judge simply made a judgment call at what he thought was a sentence reasonably calculated to be less than life. Id. at 599 (¶ 32). Shorty failed to object to his sentence at the sentencing hearing. Id. at (¶ 33). The supreme court rejected Shorty’s plain-error argument and held that Shorty “failed to show any error, much less plain error.” Id. at 599 (¶ 34). The supreme court further stated that “Shorty has provided no evidence that the [thirty]-year sentence imposed is the equivalent of a life sentence.... He has not provided [the supreme court] with expert affidavits to substantiate the claim that [he] has a lower-than-average life expectancy, or anything else that may qualify as evidence.” Id at (¶¶ 36-37). Ultimately, the supreme court held that Shorty had failed to show that his sentence exceeded the maximum sentence allowed, “and[,] in any event[, Shorty was] procedurally barred from raising [this issue].” Id. at (¶ 38).
¶ 15. Ultimately, we are barred from reviewing this issue because Hampton did not properly preserve it for appeal. Additionally, there is no evidence in the record before us that Hampton’s sentence exceeded a sentence reasonably expected to be less than life; therefore, there is no error for us to analyze under the plain-error doctrine, much less any error that is clear or obvious or that resulted in a manifest miscarriage of justice.
¶ 16. Therefore, Hampton’s claim that his sentence is illegal because it exceeds his life expectancy is without merit.
¶ 17. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT SENTENCING THE APPELLANT FOR ROBBERY BY USE OF A DEADLY WEAPON TO TWENTY YEARS AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PROBATION, PAROLE, EARNED TIME, OR GOOD-TIME CREDIT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
GRIFFIS, P.J., CARLTON, MAXWELL and FAIR, JJ., CONCUR. LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., BARNES AND ISHEE, JJ. JAMES, J., NOT PARTICIPATING.

. United States Census Bureau, Statistical Abstract of the United States: 2012, http://www. cen sus.gov/compendia/statab/2012/ta-bles/12s0107.pdf (last visited Nov. 19, 2012).

. "Under current law, and absent any proof that rehabilitation or deterrence are more easily accomplished in the case of females rather than males, we deem the factor of sex an impermissible one to justify a disparity in sentences." United States v. Maples, 501 F.2d 985, 987 (4th Cir.1974) (citations omitted); see also Williams v. Currie, 103 F.Supp.2d 858, 861-62 (M.D.N.C.2000). In Zant v. Stephens, 462 U.S. 862, 885, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983), the United States Supreme Court held that a trial judge allowing the jury to consider the defendant’s past crimes during sentencing was permissible because "the ‘aggravating’ label to factors that are constitutionally impermissible or totally irrelevant to the sentencing process, such as[,] for example!,] the race, religion, or political affiliation of the defendant” were not used.