ON WRIT OF CERTIORARI

RANDOLPH, Presiding Justice,
for the Court:
¶ 1. Tommy Hampton was sentenced to twenty years after his conviction of armed robbery as a habitual offender. Hampton appeals his sentence. Finding no error, we affirm.

FACTS AND PROCEEDINGS BELOW

¶ 2. Hampton was indicted for the “... tak[ing] of ... $2,190.00 ... by violence to [the victim’s] person by the exhibition of a deadly weapon ...” and “having been previously convicted of at least two (2) felony offenses ..., and having been sentenced to serve at least one (1) year with a state or federal penal institution....”[1] The jury found the defendant guilty of robbery by use of a deadly weapon and was not instructed to recommend a sentence.
¶ 3. At his sentencing hearing, the State presented evidence that Hampton previously had been convicted of possession of cocaine and of burglary of a dwelling (twice) and the State had sought an enhanced sentence.[2] The defendant offered evidence that he was sixty-three years old and an alcoholic. No actuarial, mortality, or life-expectancy tables were offered by Hampton.
¶ 4. The trial judge sentenced Hampton to twenty years as a habitual offender per Section 99-19-81 of the Mississippi Code, absent objection, and credited him with 199 days for time served.[3] Hampton filed a motion for a new trial and/or judgment notwithstanding the verdict (JNOV) arguing, inter alia, that “the sentence ... is unreasonable, harsh and not in conformity with the applicable facts and law, and is inequitable and unjust to this Defendant.” Once again, Hampton presented no actuarial, mortality, or life-expectancy tables to the trial judge and offered no argument that the failure of the trial court to consid *995 er same was error. The motion was denied.
¶ 5. On appeal to the Court of Appeals,[4] Hampton raised, for the first time, that his sentence exceeded his life expectancy. The Court of Appeals held that Hampton’s claim was procedurally barred, based on his failure to raise the issue before the trial court. Notwithstanding the bar, the Court of Appeals found that his sentence did not amount to a life sentence. We granted Hampton’s petition for certiorari and limit our review to the issue presented on appeal, verbatim et literatim:
Whether the trial court erred in sentencing Hampton to a sentence of twenty (20) years when such a length equates to a life sentence, which could have only been imposed by the jury.

ANALYSIS

¶ 6. Despite making no objection before the trial court and presenting no tables of estimates, publications, or argument related to life expectancy, Hampton belatedly argues that his sentence should be vacated because his sentence equates to a life sentence. Hampton asks this Court to consider life-expectancy estimates, studies, and argument never presented at the trial level. Hampton urges this Court to consider matters outside the record. The State responds that Hampton’s claim is barred, as no objection was presented to the trial court.
¶ 7. This Court declines to consider matters which were never presented or argued in the trial court and are not part of the record before us today.
This Court will not consider matters that do not appear in the record, and it must confine its review to what appears in the record. Robinson v. State, 662 So.2d 1100, 1104 (Miss.1995) (citing Dillon v. State, 641 So.2d 1223, 1226 (Miss.1994)). Issues cannot be decided based on assertions from the briefs alone. The issues must be supported and proved by the record. Robinson, 662 So.2d at 1104 (citing Ross v. State, 603 So.2d 857, 861 (Miss.1992)).
Pulphus v. State, 782 So.2d 1220, 1224 (Miss.2001). “This Court has long held that it cannot consider that which is not in the record.” Stone v. State, 94 So.3d 1078, 1082 (Miss.2012) (citing State v. Cummings, 203 Miss. 583, 591, 35 So.2d 636, 639 (Miss.1948) (citations omitted) (“[b]e-ing an appellate court, we take the record as it comes to us, and receive no new evidence here.”), reh’g denied (Aug. 23, 2012); Pratt v. Sessums, 989 So.2d 308, 309-10 (Miss.2008) (citation omitted) (“[w]e cannot consider evidence that is not in the record.”)). As recently as September 18, 2014, a unanimous Court refused to consider an order which was not part of the record, stating that it would not consider as part of its analysis any information outside the record, even though it appeared that the Court of Appeals considered the order. Shumake v. Shumake, 147 So.3d 352, 355 ¶8, n. 1 (Miss.2014) (citing Hardy v. Brock, 826 So.2d 71, 76 (Miss.2002) (“Mississippi appellate courts may not consider information that is outside the record.”)). In arguing that his sentence exceeds his estimated life expectancy, Hampton has unequivocally gone outside the record. Considering “evidence” not presented to the trial court, the dissent relies on matters outside the record. Neither of the reports or studies referred to by Hampton in his brief, nor the arguments first presented on appeal, will be considered, as neither was presented to the trial court below, and any analy *996 sis of these new issues comes solely from matters not in the record before us.
¶ 8. “A contemporaneous objection must be made at trial in order to preserve an issue for appeal.” Cox v. State, 793 So.2d 591, 599 (Miss.2001) (citing Smith v. State, 530 So.2d 155, 162 (Miss.1988)). “Errors related to improper sentencing are procedurally barred if no objection is made at trial.” Hughes v. State, 983 So.2d 270, 282 (Miss.2008) (citations omitted); Hobgood v. State, 926 So.2d 847, 857 (Miss.2006); Cox, 793 So.2d at 599. In Cox, this Court held that when the defendant failed to object before the trial court that his thirty-year sentence for armed robbery “amount[ed] to” a life sentence, he was barred from doing so on appeal. Cox, 793 So.2d at 598-599. Additionally, “[a] trial judge will not be found in error on a matter not presented to him for decision.” Ballenger v. State, 667 So.2d 1242, 1256 (Miss.1995); see also Jones v. State, 606 So.2d 1051, 1058 (Miss.1992); Crenshaw v. State, 520 So.2d 131, 134 (Miss.1988); Ponder v. State, 335 So.2d 885, 886 (Miss.1976). The Court of Appeals recognized the bar in Long v. State, 982 So.2d 1042, 1045 (Miss.Ct.App. 2008), holding that a sixty-four-year-old defendant who had failed to object before the trial court that his sentence “amounted to” a life sentence was procedurally barred from raising the issue at the appellate level.
¶ 9. The trial judge was never afforded the opportunity to consider the merits vel non of that issue. Faithful application of our precedent mandates that Hampton’s claim of error be denied, not having been preserved for appeal.
¶ 10. This Court does recognize that there are exceptions to a procedural bar for errors affecting certain constitutional rights. Rowland v. State, 98 So.3d 1032, 1036 (Miss.2012) (“we recognized that the State has neither the authority nor the right to subject a person to double jeopardy. We also have recognized exceptions to procedural bars for claims asserting illegal sentence and denial of due process at sentencing”). But Hampton offers no argument or authority that his sentence was illegal based on a constitutional violation. Hampton is trying to convert a nonpre-served claim of improper sentence into a claim of illegal sentence. Hampton’s vague complaint is that his sentence is unreasonable, inequitable, and unjust, not unconstitutional. He offers no basis for a constitutional exception to the procedural bar.
¶ 11. This Court consistently has held that “[sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute.” Cox, 793 So.2d at 599 (quoting Hoops v. State, 681 So.2d 521, 533 (Miss.1996)). See also Ellis v. State, 326 So.2d 466, 468 (Miss.1976); Ainsworth v. State, 304 So.2d 656 (Miss.1974); and Boone v. State, 291 So.2d 182 (Miss.1974). Furthermore, we have held that a “sentence within the limits of the statute is not cruel or unusual.” Clanton v. State, 279 So.2d 599, 602 (Miss.1973); Green v. State, 270 So.2d 695 (Miss.1972).
¶ 12. “[A] sentence is not illegal unless it exceeds the maximum statutory penalty for the crime.” Grayer, 120 So.3d at 969 (emphasis added). Hampton’s sentence does not exceed the maximum statutory penalty. Section 97-3-79 of the Mississippi Code requires a court to sentence a defendant convicted of armed robbery to a term less than life but not less than three years, if the jury does not return a life sentence. Miss.Code Ann. § 97-3-79 (Rev. 2014).
¶ 13. Hampton cites Stewart v. State (Stewart I), 372 So.2d 257 (Miss.1979), for *997 the proposition that he received a life sentence. As is stated in Justice Coleman’s special concurrence, no “statutory maximum” is provided in Section 97-8-79. In Stewart I, the Court added the language that a sentence must be “reasonably expected to be less than life.” This language is not found in the statute. Additionally, Stewart I must be read with Stewart v. State (Stewart II), 394 So.2d 1337, 1339 (Miss.1981), to appreciate the Court’s holdings and clear distinctions from today’s case. In Stewart I, the Court found that a seventy-five-year sentence was excessive and remanded the case for resentencing. Stewart I, 372 So.2d at 259. In Stewart II, the Court found that a seventy-five-year sentence “amounted to” a sentence twenty-five years longer than Stewart’s cohorts’ estimated life expectancy. Stewart II, 394 So.2d at 1338-39. In Stewart II, the trial court, unlike the trial court in today’s case, was presented with evidence of Stewart’s life expectancy through testimony and a mortality table based on the general population.[5] Stewart appealed once again, and this Court affirmed his sentence of thirty-five years, holding that trial courts “may take judicial notice of mortality tables.” Id. at 1339.
¶ 14. We have addressed the use of life-expectancy tables numerous times and have consistently held these tables can be used as aids in determining sentences, if presented to the trial court. As early as 1937, this Court held that mortality tables can be used as aids to assist the trier of fact. See Tucker v. Gurley, 179 Miss. 412, 176 So. 279, 279 (1937). We are not the trier of fact in today’s case. Recently, we held that life-expectancy charts are of “limited utility” in defining whether a sentence amounts to a life sentence. Johnson v. State, 29 So.3d 738, 745 (Miss.2009). In Johnson, Justice Lamar wrote:
[Attempts to define precisely at what point a term of years becomes a life sentence ... [are] of limited utility. Estimated life expectancy is just that-an estimate. The reality is that some persons live beyond their life expectancies while others do not. To hold that a defendant’s sentence must be a certain number of years or months less than his life expectancy would place unwarranted emphasis on a number that is itself only a rough approximation.
Johnson, 29 So.3d at 744-45 (citing U.S. v. Martin, 115 F.3d 454, 455 (7th Cir.1997)). Not a single justice disagreed. See also Lindsay v. State, 720 So.2d 182,186 (Miss.1998), and Henderson v. State, 402 So.2d 325 (Miss.1980).
¶ 15. Where Hampton’s argument fails is that none of the cases he cites stands for the proposition that a defendant may stand mute, present no evidence to the trial court, and then claim error on appeal that the trial court did not consider what he did not offer as evidence. Hampton offers no excuse for the failure to present such evidence and argument to the trial court to support a claim of error.
¶ 16. In Rogers v. State, 928 So.2d 831 (Miss.2006), this Court held:
As a general rule, this Court cannot disturb a sentence on appeal if that sentence is within the boundaries allowed by the statute. Hoops v. State, 681 So.2d 521, 537 (Miss.1996). Here, the sentence imposed by the trial court was acceptable as it did not exceed the statutory limits provided in Miss.Code Ann. § 97-3-65(2). See Wilkerson v. State, 731 So.2d 1173, 1183 (Miss.1999); see also Freshwater v. State, 794 So.2d 274, 277 (Miss.Ct.App.2001); Shabazz v. State, 729 So.2d 813, 822 (Miss.Ct.App. *998 1998). Therefore, Rogers’[s] argument that he was sentenced to more time than was applicable at the time of his offense is without merit.
Rogers, 928 So.2d at 835. Hampton, a recidivist, was convicted of yet another armed robbery, as a habitual offender, and was sentenced to a term of twenty years by the trial court.[6] This sentence conforms to the statute, i.e., the trial court did not sentence him to life and the term was more than three years. The trial court did not deviate from the statute when imposing the sentence upon this habitual offender convicted of armed robbery. We find no abuse of discretion by the trial court.
¶ 17. This case is akin to Lindsay v. State, 720 So.2d 182 (Miss.1998), in which this Court upheld a sentence that likely “amounted to” a life sentence. Lindsay, 720 So.2d at 182-83. In Lindsay, the defendant was convicted of armed robbery and sentenced to fifteen years, ten of which were mandatory. Id. at 183. Lindsay appealed on the grounds that the sentence “amounted to” a life sentence because of his HIV status. Id. at 185. Like Hampton, Lindsay did not present any evidence of life expectancy. Id. at 186. This Court upheld the sentence, emphasizing that the defendant’s repeated criminal history and failure to present any evidence as it related to life expectancy outweighed the potential that the sentence “amounted to” a life sentence. Id. This Court also noted that the defendant could not argue life expectancy when he failed to submit any proof from medical journals or any other sources. Id.
¶ 18. This Court repeatedly has upheld sentences that likely “amount to” life sentences. In Tate v. State, 912 So.2d 919, 932-934 (Miss.2005), this Court upheld a sixty-year sentence that “for all practical purposes [amounted to a] life sentence” since the defendant would not be eligible for parole until the age of ninety-nine. The Court held “[t]he Legislature has made its decisions, and we may not impose our own opinion on the issue, absent a constitutional violation which we do not find.” Id. at 934 (emphasis added). In Cannon v. State, 919 So.2d 913, 915 (Miss.2005), this Court upheld a 120-year sentence that “amounted to” a life sentence, even though the trial court made no “on-the-record finding and consideration of his age, health, or life expectancy.” Other sentences that “amount to” a life sentence also have been upheld. Mosley v. State, 104 So.3d 839, 843 (Miss.2012) (upholding a 126-year sentence); Williams v. State, 794 So.2d 181 (Miss.2001), overruled on other grounds by Brown v. State, 995 So.2d 698, 703 (Miss.2008).
¶ 19. “This Court employs the plain-error rule only “when a defendant’s substantive or fundamental rights are affected.’ ” Grayer v. State, 120 So.3d 964, 969 (Miss.2013) (citation omitted). To find plain error, this Court first must determine “ ‘if the trial court has deviated from a legal rule, whether that error is plain, clear[,] or obvious, and whether that error has prejudiced the outcome of the trial.’ ” Id. (citation omitted). Under the plain-error doctrine, “there has to be a finding of error, and that error must have resulted in a manifest miscarriage of justice for reversal to occur.” Williams v. State, 134 So.3d 732, 736 (Miss.2014) (citing Gray v. State, 549 So.2d 1316, 1321 (Miss.1989)). Hampton has failed to show any error, much less plain error, or that a miscar *999 riage of justice has been visited upon this six-time convicted felon.
¶ 20. The trial court articulated and followed the correct standard. The trial judge received evidence related to Hampton’s age, general health, alcohol abuse, prior convictions, and incarcerations. Drawing on the wealth of his experience as a trial judge, Judge Bailey utilized his discretion and imposed a twenty-year sentence, effectively sentencing Hampton to 19.5 years by giving credit for time served. After receiving all evidence offered at the sentencing hearing, the trial court found that twenty years was a proper and legal sentence. The trial court’s holding does not reveal a “manifest miscarriage of justice.” We affirm.
¶ 21. The trial court properly considered all facts presented when sentencing Hampton. The learned trial judge weighed evidence before him and meted out a fair and reasonable term (not life) sentence. He considered Hampton’s prior convictions, degree of guilt, need for deterrence, public safety, and the unlikelihood of rehabilitation for Hampton. A trial judge has the discretion to consider all relevant and pertinent factors when fixing a sentence. It is incumbent on the defendant to introduce evidence of mitigating factors or circumstances to seek reduction of the term within the statutory scheme.

CONCLUSION

¶ 22. “Our law has long provided that the imposition of sentence following a criminal conviction is a matter within the discretion of the Circuit Court, subject only to statutory and constitutional limitations.” Jackson v. State, 551 So.2d 132, 149 (Miss.1989) (emphasis added). The sentence received by Hampton, a multiple recidivist of violent crimes sentenced as a habitual offender, is not constitutionally infirm, nor does it exceed the trial court’s sentencing authority. Given that the sentence is permissible under the Mississippi Code and our state and federal Constitutions, there exists no basis to accept Hampton’s argument that his sentence is illegal. As the sentence imposed by the learned trial judge and affirmed by the Court of Appeals was and is a legal sentence, we affirm Hampton’s sentence for armed robbery.
¶ 23. CONVICTION OF ROBBERY BY USE OF A DEADLY WEAPON AND SENTENCE OF TWENTY (20) YEARS, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCE SHALL NOT BE REDUCED OR SUSPENDED; NOR SHALL APPELLANT BE ELIGIBLE FOR PROBATION, PAROLE, EARNED TIME OR GOOD-TIME CREDIT. APPELLANT SHALL RECEIVE CREDIT FOR 172 DAYS FOR TIME PREVIOUSLY SERVED IN THIS CAUSE. APPELLANT SHALL PAY COURT COSTS IN THE AMOUNT OF $411.50, RESTITUTION IN THE AMOUNT OF $2,000, AB FEE IN THE AMOUNT OF $1,500, AND VBF IN THE AMOUNT OF $10.00.
WALLER, C.J., LAMAR AND PIERCE, JJ., CONCUR. COLEMAN, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY DICKINSON AND RANDOLPH, P.JJ., AND PIERCE, J. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION. CHANDLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND KING, JJ.; DICKINSON, P.J., JOINS IN PART.
*1000 [[Image here]]

. The record also reveals that Hampton previously was convicted of armed robbery in Iowa and forgery in Illinois.

. The State also presented evidence that, for the more recent burglary conviction, Hampton "was given an opportunity to be on post-release supervision and not serve any time, but violated those terms and conditions.”

.The 199 days includes 172 days for time served before Hampton was released on bond, plus 27 days served after his conviction (October 4, 2011), but before the sentencing hearing (October 31, 2011).

. Hampton v. State, 148 So.3d 1038, 2013 WL 607777 (Miss.Ct.App. Feb.19, 2013).

. The table used in Stewart II is attached as Appendix A.

. Hampton would serve only 19.5 years from the date of sentencing, with credit for time served.