# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00892-COA

**CLIFFORD PITTS**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                     **APPELLEE**

DATE OF JUDGMENT:                06/05/2017
TRIAL JUDGE:                           HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:   RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        CLIFFORD PITTS (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                                       BY: LAURA HOGAN TEDDER
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                        AFFIRMED - 06/26/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., CARLTON AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.    Clifford Pitts, appearing pro se, appeals the Rankin County Circuit Court's dismissal

of his motion for post-conviction relief (PCR).  After reviewing Pitts's guilty plea and

sentencing hearing transcript, the circuit court found that Pitts was not entitled to any relief.

Finding no error, we affirm.

## FACTS

¶2.    On July 26, 2014, Clifford Pitts went to visit T.R.S.[1]  T.R.S. is a 36-year-old female

with Down Syndrome and mental delay.  T.R.S. lived with her niece and caregiver, Madeline

---

[1] To protect the individual's identity, we will refer to her as T.R.S.

Randall. Pitts was married to T.R.S.'s mother who had passed away prior to the date in question. Despite her mother's death, T.R.S. still considered Pitts to be her step-father. Because of their relationship, Randall allowed Pitts to take T.R.S. to Wendy's to get a hamburger during his visit in Jackson.

¶3. Pitts contends that he and T.R.S. ordered their food inside, ate their food in the truck, and then he drove by his hotel to show her where he was staying while he was in town. Pitts maintains that they never went inside the hotel at any time.

¶4. T.R.S. was rather reserved when she arrived home, which cautioned Randall to suspect something was wrong. T.R.S. told Randall, "It was bad . . . he did it again." Randall immediately took T.R.S. to the hospital. T.R.S. later told the investigating officer that after Pitts took her to Wendy's, he took her to his hotel room where Pitts sexually penetrated her, before taking her home.

¶5. On July 26, 2014, Pitts was arrested by the Brandon Police Department for two counts of sexual battery. On February 19, 2015, a Rankin County Grand Jury indicted Pitts on two counts of sexual battery of a vulnerable person. On September 8, 2015, Pitts pleaded guilty to the charge of sexual battery of a vulnerable person while in a position of trust or authority.[2] On May 24, 2017, Pitts filed a PCR motion, which the trial court dismissed. Pitts timely appeals.

---

[2] In exchange for the guilty plea as to Count 1, the trial court granted the district attorney's motion to enter an Order of Nolle Prosequi as to Count II.

## STANDARD OF REVIEW

¶6.    "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Purnell v. State*, 126 So. 3d 949, 951 (¶4) (Miss. Ct. App. 2013) (citing *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)).

## DISCUSSION

### I.    Whether the indictment failed to charge essential elements rendering it defective.

¶7.    In September 2015, Pitts pleaded guilty to sexual battery as defined in Mississippi Code Annotated section 97-3-97 (Rev. 2014). The Mississippi Supreme Court has held that "[g]enerally speaking, a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment or information against a defendant." *Conerly v. State*, 607 So. 2d 1153, 1156 (Miss. 1992). However, we will briefly address Pitts's claims.

¶8.    Pitts argues that his indictment was legally insufficient and facially defective for failing to charge the essential elements of sexual battery. "[An indictment] must contain the essential facts constituting the offense charged . . . ." *Jackson v. State*, 121 So. 3d 313, 318 (¶7) (Miss. Ct. App. 2013). "The purpose of the indictment is to provide the accused reasonable notice of the charges against him so that he may prepare an adequate defense." *Whatley v. State*, 123 So. 3d 461, 467 (¶11) (Miss. Ct. App. 2013) (quoting *Brawner v. State*,

947 So. 2d 254, 265 (¶31) (Miss. 2006)). "Indictments that track the language of the Mississippi Code are sufficient to provide notice of the crime charged." *Graves v. State*, 216 So. 3d 1152, 1158 (¶12) (Miss. 2016) (citing *Johnson v. State*, 475 So. 2d 1136, 1139 (Miss. 1985)).

¶9. Here, the indictment stated that Pitts:

> willfully, unlawfully, and intentionally engage[d] in sexual penetration as defined by Mississippi Code Annotated § 97-3-97 with T.R.S., a thirty-four year old female . . . , by inserting his fingers and penis in her vagina, at a time when T.R.S. was a vulnerable person and when Clifford Pitts was in a position of authority. . . and in violation of section 43-47-18(1)(b) . . . .

¶10. The indictment charged the essential elements of sexual battery, and it tracked the language of the statute set forth in Mississippi Code Annotated section 43-47-18(1)(b) (Rev. 2014). Because of this, we find that Pitts's indictment was sufficient to provide him reasonable notice of the charges against him in such a way that he could adequately prepare a defense. Therefore, this issue is without merit.

## II. Whether the indictment was defective for failing to inform Pitts of his position of trust or authority.

¶11. Pitts asserts that the indictment was defective for failing to inform him of the exact position of trust or authority he held over T.R.S. Pitts argues that at the time of the alleged crimes against T.R.S. he did not hold any position of authority over T.R.S. Pitts stated that he was T.R.S.'s step-father but when T.R.S.'s mother died he was no longer her step-father. He then argues, because the indictment is based on him being T.R.S.'s step-father, it is defective.

4

¶12. Mississippi Code Annotated section 43-47-18(1)(b) provides:

> A person who engages in sexual penetration with a vulnerable person is guilty of sexual battery if the person is in a position of trust or authority over the vulnerable person, including, without limitation, the vulnerable person's teacher, counselor, physician, psychiatrist, psychologist, nurse, certified nursing assistant, direct care worker, technical assistant, minister, priest, physical therapist, chiropractor, legal guardian, parent, stepparent, other relative, caretaker or conservator.

¶13. The statute provides examples of positions that suffice and it mentions that the list is not exhaustive. This Court has held that the victim need not be "under the care and control," but rather if the alleged aggressor is "in control of the care of the child" that person can be held accountable for the crime. *Blackmon v. State*, 803 So. 2d 1253 (¶13) (Miss. Ct. App. 2002). During the date in question, T.R.S. viewed Pitts as her step-father. Randall also viewed Pitts as T.R.S.'s step-father, a person in a position of trust when allowing him to take T.R.S. to Wendy's. Additionally, when Pitts talked with the investigating officer, Pitts addressed T.R.S. as his step-daughter. Pitts was at least in control of the care of T.R.S. during that time, regardless whether as a step-parent or not, and can be held accountable for such responsibility. Therefore, this issue is without merit.

### III. Whether there was a factual basis for Pitts's guilty plea.

¶14. Lastly, Pitts states that there was no factual basis for the guilty plea he entered during his hearing because, again, the indictment that was read to him was defective. Pitts further argues that at no time was he ever asked by the trial court to state his factual basis of the charges against him, what the elements of the charges were, or the charges to which he was

5

pleading guilty.

¶15.    In *Porter v. State* our Court held:

> A defendant can establish a factual basis for a guilty plea simply by pleading guilty; however, the guilty plea must contain factual statements constituting a crime or be accompanied by independent evidence of guilt.  In other words, a factual basis is not established by the mere fact that a defendant enters a plea of guilty.  Finally, an appellate court is not limited to a review of a defendant's plea transcript when determining if a factual basis existed for a guilty plea.

126 So. 3d 68, 72 (¶14) (Miss. Ct. App. 2013) (citations and internal quotation marks omitted).

¶16.    The record reflects that the factual basis and the elements of the crime were read to Pitts.  An excerpt of Pitts's plea colloquy provides:

> Q:    Did you read and sign your petition to enter a guilty plea?
>
> A:    Yes, sir.
>
> Q:    Do you understand everything in it?
>
> A:    Yes, sir.
>
> Q:    Have you had an opportunity to fully discuss with your attorneys, Mr. Bill Kirksey and Ms. Chris Huffman, all facts and circumstances relating to the crime you're pleading guilty to?
>
> A:    Yes, sir.
>
> . . . .
>
> Q:    Did your discussions with them include the elements of the crime?
>
> A:    Yes, sir.
>
> . . . .

Q: All right. The elements of Count 1 are on or about July 26, 2014, in Rankin County, Mississippi, you . . . did willfully, unlawfully, and intentionally engage in sexual penetration with T.R.S., a 34-year-old female . . . by inserting your finger and penis in her vagina, at a time when T.R.S. was a vulnerable adult and you were in a position of trust or authority. Do you understand those elements?

A: Yes, sir.

Q: What is the factual basis?

Ms. Purnell: Your Honor, if the State were to proceed to trial, they would show on July 26, 2014, here in Rankin County, this Defendant being a person above the age of 18 years engaged in sexual penetration of T.R.S., who was a 34-year-old vulnerable person, and the penetration was gained by putting his finger and penis in her vagina.

Q: Do you have any disagreement with the factual basis?

A: No, sir.

¶17. Although on the record it was never stated what the crime was, Pitts was asked whether he had an opportunity to discuss with his attorneys all facts and circumstances relating to the charges to which he pleaded guilty. Pitts answered affirmatively. After reviewing the record, Pitts's guilty plea contained factual statements which demonstrated the elements of a crime. Accordingly, we find this issue is without merit.

¶18. Finding no error, this Court affirms Pitts's conviction and sentence for the foregoing reasons.

¶19. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR.**

7