# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01267-COA

**THOMAS C. SMITH A/K/A THOMAS CAREY SMITH**                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                              **APPELLEE**

DATE OF JUDGMENT:            06/25/2019
TRIAL JUDGE:            HON. DAVID H. STRONG JR.
COURT FROM WHICH APPEALED:            PIKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:            THOMAS C. SMITH (PRO SE)
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
            BY: LISA L. BLOUNT
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:            AFFIRMED - 07/21/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.    Thomas Smith filed a motion for post-conviction relief (PCR) in the Pike County Circuit Court.  After the trial court entered an order denying Smith's PCR motion, this appeal followed.

¶2.    On appeal, Smith asserts the following assignments of error: (1) he pleaded guilty to and was sentenced for the non-existent crime of armed robbery in violation of his due process rights, and (2) his twenty-five year sentence is illegal because it essentially amounts to a life sentence for a man of his age.

¶3.    After our review, we find no error.  We therefore affirm the trial court's order denying

Smith's PCR motion.

**FACTS**

¶4.     On September 6, 2018, Smith pleaded guilty to armed robbery in violation of Mississippi Code Annotated section 97-3-79 (Rev. 2014).  The trial court then sentenced Smith to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC), with thirteen years suspended and twelve years to serve, and placed Smith on five years of post-release supervision.  The trial court also ordered Smith to pay a $2,000 fine, $300 in costs to the district attorney, and court costs.

¶5.     On April 29, 2019, Smith filed a PCR motion asserting the following claims: (1) he pleaded guilty to and was sentenced for a non-existent crime; (2) his indictment contained an error regarding the date of the alleged crime, which rendered his indictment, guilty plea, and sentence fatally defective and invalid; (3) he received ineffective assistance of counsel because his court-appointed attorney allowed him to plead guilty to a non-existent crime; (4) his sentence is illegal because it is effectively a life sentence for a man of his age; and (5) his $2,000 fine is illegal because the trial court lacked authority to impose a fine for the crime of armed robbery.

¶6.     On June 25, 2019, the trial court entered an order denying Smith's PCR motion.  In the order, the trial court thoroughly discussed each of Smith's claims of error. The trial court also stated that it reviewed Smith's file and record and determined that Smith "entered a knowing, voluntary, and intelligent guilty plea to [a]rmed [r]obbery."

¶7. As to Smith's claim that his indictment was defective based on a clerical error regarding the date, the trial court pointed out that because Smith entered a guilty plea, he waived the right to complain about his indictment. The trial court also explained that Smith's claim had no merit because "unless time is an essential element or factor in the crime, an amendment to change the date on which the offense occurred is one of form only." (Quoting *Conley v. State*, 790 So. 2d 773, 781 (¶16) (Miss. 2001)). The trial court stated that "[t]he error in Smith's indictment was a clerical error regarding the year in which the crime was committed . . . and was not 'an essential element or factor in the crime'; therefore, it was merely an error in form." The trial court further explained that the error was corrected in the April 9, 2018 order amending the indictment, approximately five months before Smith entered his guilty plea.

¶8. As to Smith's claim that he pleaded guilty to and was sentenced for a non-existent crime, the trial court explained that "[a]n abundance of Mississippi case law uses the phrase 'Armed Robbery' in reference to the crime described in [section] 97-3-79 and defines [a]rmed [r]obbery using [section] 97-3-79." The trial court found that Smith's indictment included all of the required contents as set forth in Mississippi Rule of Criminal Procedure 14.1. The trial court also found that Smith's indictment included a citation to section 97-3-79 and used "substantially the same language" as section 97-3-79. The trial court explained that while Smith's indictment used the term "armed robbery" and the statute does not use this term, "there is no question of what crime Smith was accused." The trial court ultimately held

3

that "Smith cannot demonstrate that he was not on full notice of the charge to which he pleaded guilty."

¶9. Regarding Smith's claim for ineffective assistance of counsel, the trial court determined that this claim "is moot and requires no discussion" based on the trial court's finding that Smith's indictment was "without error" and that "the crime of [a]rmed [r]obbery does exist."

¶10. The trial court next addressed Smith's claim that his twenty-five-year sentence essentially amounted to a life sentence and was therefore illegal. As to Smith's assertion that the sentencing court erred by failing to consider Smith's age and life expectancy when determining his sentence, the trial court held that Smith presented no evidence of his age, life expectancy, or other mitigating factors for the trial court to consider at his sentence hearing. The trial court cited to *Foster v. State*, 148 So. 3d 1012, 1017 (¶16) (Miss. 2014), where the Mississippi Supreme Court discussed that a defendant may not "stand mute, present no evidence to the trial court, and then claim error on appeal that the trial court did not consider what was not offered as evidence." The trial court therefore explained that Smith "cannot now claim that the [c]ourt did not consider evidence that he never presented for consideration."

¶11. The trial court also found that "Smith's sentence falls within statutory guidelines" set forth in section 97-3-79, which provides that "in [armed robbery] cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary, the Court shall fix the

4

penalty at imprisonment in the state penitentiary for any term not less than three (3) years."

The trial court stated that "sentencing is within the complete discretion of the trial [c]ourt and

not subject to appellate review if it is within the limits prescribed by statute." (Quoting *Wall*

*v. State*, 718 So. 2d 1107, 1114 (¶29) (Miss. 1998)).  The trial court also recognized that "a

sentence is not illegal unless it exceeds the maximum statutory penalty for the crime."

(Quoting *Grayer v. State*, 120 So. 3d 964, 969 (¶16) (Miss. 2013)).  After reviewing the

record, the trial court determined that "[b]efore his guilty plea was entered and sentence was

pronounced, the [c]ourt confirmed with Smith that he understood the sentencing range for

the crime of [a]rmed [r]obbery, including both the term of years and potential fine."

¶12.    As to Smith's claim that the $2,000 fine imposed by the trial court as part of his

sentence exceeded the court's statutory authority and is therefore illegal, the trial court

explained that Mississippi Code Annotated section 99-19-32(1) (Rev. 2015) provides as

follows:

> Offenses punishable by imprisonment in the State Penitentiary for more than
> one (1) year and for which no fine is provided elsewhere by statute may be
> punishable by a fine not in excess of Ten Thousand Dollars ($10,000.00).
> Such fine, if imposed, may be in addition to imprisonment or any other
> punishment or penalty authorized by law.

The trial court held that because Smith pleaded guilty to armed robbery, an offense with a

minimum sentence of three years and for which no specific fine is provided, the trial court

therefore possessed authority pursuant to section 99-19-32(1) to assess the $2,000 fine.

¶13.    Smith now appeals from the trial court's order denying his PCR motion.[1]

**STANDARD OF REVIEW**

¶14.    When reviewing a trial court's denial of a PCR motion, "[w]e will not reverse the factual findings of the trial court unless they are clearly erroneous.  All questions of law are reviewed de novo."  *Walker v. State*, 230 So. 3d 703, 704 (¶6) (Miss. 2017) (citation omitted).

**DISCUSSION**

¶15.    On appeal, Smith's brief only addresses two of the issues he raised in his PCR motion: (1) that he pleaded guilty to and was sentenced to a non-existent crime, in violation of his due process rights, and (2) that his twenty-five year sentence is illegal because it essentially amounts to a life sentence for a man of his age.

### I.    Armed-Robbery Indictment

¶16.    Smith claims that his due process rights were violated when he pleaded guilty and was

---

[1] The trial court entered its order denying Smith's PCR motion on June 25, 2019. Smith failed to file his notice of appeal within the thirty-day deadline to appeal.  M.R.A.P. 3.  This Court entered a show-cause notice requiring Smith to show good cause as to why his appeal should not be dismissed as untimely.  Smith filed a pro se show-cause response, explaining that he did not receive the trial court's judgment until July 15, 2019.  Smith also submitted a copy of an envelope from the circuit clerk that is marked accepted by Smith at the South Mississippi Correctional Institution on July 15, 2019.  Smith further stated that the first available date for inmate legal services was August 1, 2019, the date his notice of appeal was notarized. On November 11, 2019, this Court entered an order finding good cause to allow Smith's appeal to proceed.  *See* M.R.A.P. 2(c) (The appellate court "may suspend the requirements or provisions of any of these rules" and extend the time for filing an appeal in criminal and post-conviction cases.).

sentenced for "the non-existent crime" of armed robbery. Smith argues that the Mississippi Legislature has not enacted a statute setting forth the definition or punishment for a crime called "armed robbery," and he maintains that the trial court therefore lacked jurisdiction to sentence him for a non-existent crime.

¶17. This Court recently addressed this very issue in *Powell v. State*, 291 So. 3d 788, 791 (¶9) (Miss. Ct. App. 2019). In that case, Powell, the movant, claimed that his "indictments are void because they allege 'armed robbery' instead of the words in the title of the statute 'Robbery: use of a deadly weapon.'" *Id*. The record showed that "Powell was indicted pursuant to . . . section 97-3-79[,]" and this Court recognized that "[c]ases are tried across this State daily that use 'armed robbery' to describe the offense laid out in section 97-3-79." *Id*. (citations omitted). This Court ultimately held that Powell's assignment of error as to this issue lacked merit, explaining, "[w]hen analyzing the plain language of the statute, the title of the statute does not control." *Id*.; *see also Garner v. State*, 944 So. 2d 934, 939 (¶15) (Miss. Ct. App. 2006) ("The definition of armed robbery is codified at Mississippi Code Annotated section 97-3-79.").

¶18. Furthermore, our review of the record reflects that Smith's indictment tracks the language of section 97-3-79. The indictment charges that Smith

> did wilfully, unlawfully, and feloniously attempt to take from the presence of Rachelle Nunnery, personal property of Blue Sky convenience store, McComb. Mississippi, against her will, by putting the said Rachelle Nunnery in fear of immediate injury to her person, by the exhibition of a deadly weapon, to-wit: a tire iron, contrary to and in violation of Section 97-3-79 of the Mississippi Code of 1972.

7

Section 97-3-79, titled "Robbery; use of deadly weapon," sets forth as follows:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.

We have recognized that "[i]ndictments that track the language of the Mississippi Code are sufficient to provide notice of the crime charged." *Pitts v. State*, 249 So. 3d 472, 475 (¶8) (Miss. Ct. App. 2018) (quoting *Graves v. State*, 216 So. 3d 1152, 1158 (¶12) (Miss. 2016)).

¶19. After our review, we find no error in the trial court's order determining that the crime of armed robbery does exist and that Smith was provided "full notice of the charge to which he pleaded guilty."

## II. Illegal Sentence

¶20. Smith next asserts that a sentence of twenty-five years in the custody of the MDOC, plus five years of post-release supervision, essentially amounts to a life sentence for a fifty-seven-year-old (Smith's age at the time of sentencing). As a result, Smith argues that his sentence is illegal. Smith also asserts that the trial court erred by not considering his age and life expectancy when determining his sentence.

¶21. We recognize that "[s]entencing upon a criminal conviction is within the discretion of the trial court, including sentences based on guilty pleas." *Hayes v. State*, 203 So. 3d

1144, 1145 (¶3) (Miss. Ct. App. 2016). "A defendant has a fundamental right to be free from an illegal sentence[,]" and "[a] sentence is illegal when it exceeds the maximum authorized by law." *Id*. at 1146 (¶4) (citations omitted). Generally, when a sentence "falls within the permissible range designated by statute," this Court will not disturb the sentence on appeal. *Id*. at (¶5).

¶22. Our review of the transcript from Smith's plea hearing reflects that Smith failed to object to his sentence at the hearing. Smith's argument also fails to acknowledge that, of his twenty-five year sentence, thirteen of those years were suspended by the trial judge. The supreme court has held that "[e]rrors related to improper sentencing are procedurally barred if no objection is made at trial." *Hampton v. State*, 148 So. 3d 992, 996 (¶8) (Miss. 2014) (quoting *Hughes v. State*, 983 So. 2d 270, 282 (¶54) (Miss. 2008)). In *Cox v. State*, 793 So. 2d 591, 598-99 (¶¶32-33) (Miss. 2001), the supreme court "held that when the defendant failed to object before the trial court that his thirty-year sentence for armed robbery 'amounted to' a life sentence, he was barred from doing so on appeal." *Hampton*, 148 So. 3d at 996 (¶8). Furthermore, "a trial judge will not be found in error on a matter not presented to him for decision." *Id*. (quoting *Ballenger v. State*, 667 So. 2d 1242, 1256 (Miss. 1995)). Because Smith failed to object to his sentence at the plea hearing, he is procedurally barred from raising it on appeal.

¶23. Nevertheless, we find that Smith's sentence falls within the range permitted by section 97-3-79. "Section 97-3-79 . . . requires a court to sentence a defendant convicted of armed

9

robbery to a term less than life but not less than three years, if the jury does not return a life sentence." *Hampton*, 148 So. 3d at 996 (¶12) (citing Miss. Code Ann. § 97-3-79). Our review of Smith's sentencing order reflects the trial court set forth the following sentence: twenty-five years in the custody of the MDOC, with orders for Smith to "serve the first twelve (12) years with the remaining thirteen (13) years suspended," followed by five years of post-release supervision. Smith was also ordered to pay a $2,000 fine.[2] In *Hayes*, 203 So. 3d at 1146 (¶4), this Court addressed a movant's argument that "he received an unduly harsh and illegal sentence because twenty-five years exceeds his life expectancy." Upon review, this Court found that the movant's "twenty-five-year sentence was well within the . . . maximum [sentence] permitted by statute." *Id*. at (¶5). As stated, this Court will generally not disturb a sentence on appeal when that sentence "falls within the permissible range designated by statute." *Id*.

¶24. As to Smith's $2,000 fine, we find that "[b]ecause [Smith's] . . . conviction was punishable by more than one year of imprisonment and was not otherwise subject to a fine, the [trial] judge had authority to fine him up to $10,000." *Triste v. State*, 84 So. 3d 809, 811 (¶7) (Miss. Ct. App. 2011); Miss. Code Ann. § 99-19-32(1). Smith has therefore failed to show that his sentence is beyond the limits permitted by section 97-3-79.

¶25. Furthermore, as acknowledged by the trial court, the record reflects that Smith failed

---

[2] The trial court also ordered Smith to complete a course of alcohol and drug treatment recommended by the MDOC and, as stated, pay $300 in costs to the district attorney and court costs.

10

to present any evidence of his age, life expectancy, or other mitigating factors for the trial court to consider at his sentencing hearing.[3] The supreme court has held that a defendant may not "stand mute, present no evidence to the trial court, and then claim error on appeal that the trial court did not consider what he did not offer as evidence." *Foster v. State*, 148 So. 3d 1012, 1017 (¶16) (Miss. 2014).

¶26. After our review, we find no error in the trial court's denial of Smith's PCR motion. We therefore affirm.

¶27. **AFFIRMED.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, WESTBROOKS, LAWRENCE AND McCARTY, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

---

[3] The record shows that Smith attached documents regarding life expectancy to his PCR motion; however, the record from his plea hearing reflects no such documents were admitted into evidence.