COLEMAN, JUSTICE, FOR THE COURT:
 

 ¶ 1. In 2005, Joey Montrell Chandler was convicted for the murder of his cousin Emmitt Chandler and sentenced to life in prison under Mississippi Code Section 97-3-21 (2005). The Court affirmed his conviction and sentence on appeal.
 
 Chandler v. State
 
 ,
 
 946 So.2d 355
 
 , 356, 366 (¶¶ 1, 54) (Miss. 2006). In 2015, Chandler received a new sentencing hearing for his murder conviction in light of the United States Supreme Court's decision in
 
 Miller v. Alabama
 
 ,
 
 567 U.S. 460
 
 ,
 
 132 S.Ct. 2455
 
 ,
 
 183 L.Ed.2d 407
 
 (2012). Following the hearing, the circuit court sentenced Chandler to life in prison. Chandler appeals, requesting that he be resentenced because the trial court failed to analyze all the factors identified in
 
 Miller
 
 and adopted in our subsequent decision in
 
 Parker v. State
 
 ,
 
 119 So.3d 987
 
 (Miss. 2013).
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In 2014, Chandler filed a petition with the Court claiming that he was entitled to resentencing in light of the United States Supreme Court's decision in
 
 Miller
 
 . We granted Chandler permission to file a motion to set aside his sentence in light of
 
 Miller
 
 . On January 8, 2015, the trial court held a hearing on the matter in which it allowed Chandler to present evidence in support of his motion.
 

 ¶ 3. On October 9, 2015, the trial court entered a detailed, six-page order. The trial court recounted what the evidence showed at Chandler's trial. Chandler had been selling because his girlfriend was pregnant and he needed to earn money to help pay for expenses. Chandler observed his cousin Emmitt exiting Chandler's vehicle with Chandler's marijuana. The next day, Chandler armed himself and confronted Emmitt. Chandler shot Emmitt two times with a pistol and the wounds were lethal. Chandler disposed of the murder weapon by throwing it in a pond.
 

 ¶ 4. At the time of the murder, Chandler was seventeen years, six months, and thirteen days old. Upon resentencing, the trial court found that Chandler's actions on the day of the murder showed premeditation, planning, and an attempt to dispose of the murder weapon. Noting that the victim was not armed, the trial court described the murder as "heinous" under the facts of the case.
 

 ¶ 5. The trial court's order included a discussion of
 
 Miller
 
 and our subsequent cases applying
 
 Miller
 
 , including
 
 Parker
 
 and
 
 Jones v. State
 
 ,
 
 122 So.3d 698
 
 (Miss. 2013). The trial court's order verified that it had reviewed the transcripts of the case, the court file, and Chandler's presentence investigation report. After carefully reviewing the evidence in the case and the matters presented in the resentencing hearing, the trial court found that Chandler should be sentenced to life in prison for the murder of his cousin Emmitt.
 

 STANDARD OF REVIEW
 

 ¶ 6. The Court has yet to review a trial court's sentencing decision under
 
 Miller
 
 . Chandler argues that the Court should review the trial court's decision with the same "heightened scrutiny" that applies in death-penalty cases, because a sentence of life without parole is the harshest punishment
 that can be imposed on a juvenile offender.
 
 See
 

 Bennett v. State
 
 ,
 
 990 So.2d 155
 
 , 158 (Miss. 2008) ("The standard of review of convictions for capital murder and sentences of death is 'heightened scrutiny.' "). Accordingly, Chandler contends that all doubts as to the appropriateness of the trial court's decision must be resolved in his favor. In contrast, the State argues that the trial court's imposition of a criminal sentence is reviewed for an abuse of discretion.
 
 See
 

 Hampton v. State
 
 ,
 
 148 So.3d 992
 
 , 999 (Miss. 2014).
 

 ¶ 7. Heightened scrutiny is reserved for death-penalty cases due to the unique and irreversible nature of that punishment. The Court has no reasonable basis to raise its standard of review for a sentence in a noncapital case simply because it involves a juvenile offender. Accordingly, we hold that there are two applicable standards of review in a
 
 Miller
 
 case. First, whether the trial court applied the correct legal standard is a question of law subject to
 
 de novo
 
 review.
 
 Smothers v. State
 
 ,
 
 741 So.2d 205
 
 , 206 (Miss. 1999). If the trial court applied the proper legal standard, its sentencing decision is reviewed for an abuse of discretion.
 
 Hampton
 
 ,
 
 148 So.3d at 999
 
 .
 

 DISCUSSION
 

 ¶ 8. Chandler argues that the trial court failed to address all of the sentencing considerations mandated by
 
 Miller
 
 and
 
 Parker
 
 . Thus, the issue on appeal is whether the trial court comported with the requirements of
 
 Miller
 
 and
 
 Parker
 
 when resentencing Chandler to life in prison for a murder which he had committed when he was seventeen years old. In short, we hold that the trial court comported by applying the correct legal standard because it afforded Chandler a hearing and sentenced Chandler after considering and taking into account each factor identified in
 
 Miller
 
 and adopted in
 
 Parker
 
 . Moreover, we cannot say that the trial court's decision to sentence Chandler to life was an abuse of discretion.
 

 ¶ 9.
 
 Miller
 
 and
 
 Parker
 
 require the trial court to "take into account" and "consider" the factors identified in
 
 Miller
 
 before sentencing.
 
 Miller
 
 ,
 
 567 U.S. at 480
 
 ,
 
 132 S.Ct. 2455
 
 ;
 
 Parker
 
 ,
 
 119 So.3d at 995, 998
 
 (¶¶ 19, 26). Contrary to Chandler's assertions, nothing in
 
 Miller
 
 or
 
 Parker
 
 requires trial courts to issue findings on each factor or limits trial courts to considerations strictly personal to the juvenile offender. As evidenced by the trial court's order, it took into account and considered every factor, comporting with
 
 Miller
 
 and
 
 Parker
 
 . The trial court recognized in its order that "before a life sentence may be imposed for a homicide, a sentencing hearing must be held and the [trial c]ourt must consider certain factors."
 

 ¶ 10. In
 
 Miller
 
 , the Supreme Court of the United States concluded that mandatory life sentences without parole for juvenile homicide offenders violate the Eighth Amendment's prohibition on cruel and unusual punishments.
 
 Miller
 
 ,
 
 567 U.S. at 469-70
 
 ,
 
 132 S.Ct. 2455
 
 . The
 
 Miller
 
 Court held "that a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing."
 
 Montgomery v. Louisiana
 
 , --- U.S. ----,
 
 136 S.Ct. 718
 
 , 725,
 
 193 L.Ed.2d 599
 
 (2016) (citing
 
 Miller
 
 ,
 
 567 U.S. 460
 
 ,
 
 132 S.Ct. 2455
 
 ).
 

 ¶ 11. The
 
 Miller
 
 Court stopped short of establishing a specific procedure for lower courts to follow when sentencing juvenile homicide offenders; rather, the
 
 Miller
 
 Court observed several important features of youth that would be relevant to the sentencing decision. In
 
 Parker
 
 , we held
 that the factors identified by the
 
 Miller
 
 Court must be considered by the sentencing authority.
 
 Parker
 
 ,
 
 119 So.3d at 995-96
 
 (¶ 19). We explained:
 

 Miller
 
 does not prohibit sentences of life without parole for juvenile offenders. Rather, it "require[s] [the sentencing authority] to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison."
 
 Miller
 
 ,
 
 132 S.Ct. at 2469
 
 .
 

 Parker
 
 ,
 
 119 So.3d at 995
 
 (¶ 19) (emphasis added).
 

 ¶ 12. Juvenile offender Lester Lavon Parker Jr. had been convicted and sentenced and had filed his notice of appeal before
 
 Miller
 
 was decided by the Supreme Court.
 

 Id.
 

 at 989, 996
 
 (¶¶ 1, 20). We granted Parker's request to "remand for a sentencing hearing with the opportunity to present mitigating evidence."
 

 Id.
 

 at 998
 
 (¶ 26). Accordingly, we vacated Parker's sentence and remanded for a "hearing where the trial court, as the sentencing authority, is required to consider the
 
 Miller
 
 factors before determining sentence."
 

 Id.
 

 ¶ 13. We held that "[a]fter consideration of all circumstances required by
 
 Miller
 
 , the trial court may sentence
 
 Parker
 
 , despite his age, to 'life imprisonment.' "
 

 Id.
 

 at 999
 
 (¶ 28). "However, if the trial court should determine, after consideration of all circumstances set forth in
 
 Miller
 
 , that Parker should be eligible for parole, the court shall enter a sentence of 'life imprisonment with eligibility for parole notwithstanding the present provisions of Mississippi Code Section 47-7-3(1)(h).' "
 

 Id.
 

 We affirmed Parker's conviction but vacated his sentence and "remand[ed] [the] case to the Circuit Court of Copiah County for a hearing to determine whether he should be sentenced to 'life imprisonment' or 'life imprisonment with eligibility for parole notwithstanding the present provisions of Mississippi Code Section 47-7-3(1)(h).' "
 

 Id.
 

 at 1000
 
 (¶ 29).
 

 ¶ 14. In
 
 Jones
 
 , we explained: "
 
 Miller
 
 explicitly prohibits states from imposing a mandatory sentence of life without parole on juveniles. Thus,
 
 Miller
 
 rendered our present sentencing scheme unconstitutional if, and only if, the sentencing authority fails to take into account characteristics and circumstances unique to juveniles."
 
 Jones
 
 ,
 
 122 So.3d at 702
 
 (¶ 12). Recently, the Supreme Court wrote in regard to what
 
 Miller
 
 requires:
 

 Miller
 
 requires that before sentencing a juvenile to life without parole, the sentencing judge take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison. The [
 
 Miller
 
 ] Court recognized that a sentencer might encounter the rare juvenile offender who exhibits such irretrievable depravity that rehabilitation is impossible and life without parole is justified. But in light of children's diminished culpability and heightened capacity for change,
 
 Miller
 
 made clear that appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon.
 

 Montgomery
 
 ,
 
 136 S.Ct. at 733-34
 
 (quotations and citations omitted) (emphasis added).
 

 ¶ 15. The Supreme Court also addressed what
 
 Miller
 
 does not require.
 
 See
 

 Montgomery
 
 ,
 
 136 S.Ct. at 735
 
 . The
 
 Montgomery
 
 Court confirmed that
 
 Miller
 
 does not require trial courts to make a finding of fact regarding a child's incorrigibility.
 

 Id.
 

 Moreover, after reviewing
 
 Miller
 
 and
 
 Montgomery
 
 , we discern that no rebuttable presumption exists in favor of parole eligibility for juvenile homicide offenders. Rather,
 
 Miller
 
 explicitly foreclosed imposition of a
 
 mandatory
 
 sentence of life without
 parole on juvenile offenders.
 
 Jones
 
 ,
 
 122 So.3d at 702
 
 .
 

 ¶ 16. Chandler places the trial court in error for failing to make any findings concerning Chandler's capacity for rehabilitation. Neither
 
 Miller
 
 nor
 
 Parker
 
 mandates that a trial court issue findings on each factor. Regardless, the trial court certainly "considered" and "took into account" rehabilitation.
 
 See
 

 Parker
 
 ,
 
 119 So.3d at 995
 
 (¶ 19) (citing
 
 Miller
 

 567 U.S. at 477-78
 
 ,
 
 132 S.Ct. 2455
 
 ) ). The trial court exceeded the minimum requirements of
 
 Miller
 
 and
 
 Parker
 
 by specifically identifying every
 
 Miller
 
 factor in its order.
 

 ¶ 17. As to the rehabilitation factor, the trial court found: "The United States Supreme Court also talks about rehabilitation and the defendant's prospects for future rehabilitation. Th[e trial court] notes that the Executive Branch has the ability to pardon and commute sentences in this State should it deem such action warranted."
 

 ¶ 18. The trial court also considered several letters from various family members submitted on behalf of Chandler and other individuals urging the trial court for leniency because Chandler had been rehabilitated or was capable of rehabilitation. Chandler presented testimony at the sentencing hearing related to Chandler's rehabilitation or capability thereof. Nothing in the record indicates that the trial court did not take into account or consider such evidence. Indeed, the trial court's order ensured that it considered the entire court file, including the evidence submitted by Chandler in support of the possibility of rehabilitation.
 

 ¶ 19. Chandler argues that the trial court considered irrelevant information in resentencing Chandler. We do not read
 
 Miller
 
 or
 
 Parker
 
 as requiring the sentencing courts to limit their analysis to facts and circumstances strictly personal to the juvenile offender. While it is true that each juvenile offender must afforded an individualized sentencing hearing before imposing a life sentence,
 
 Parker
 
 ,
 
 119 So.3d at 996
 
 (¶ 20), the sentencing court is to "take into account how children are different."
 
 Miller
 
 ,
 
 567 U.S. at 480
 
 ,
 
 132 S.Ct. 2455
 
 .
 

 ¶ 20.
 
 Miller
 
 and
 
 Parker
 
 do not prohibit the trial court from considering aspects of youth that it considers relevant for purposes of sentencing. The
 
 Miller
 
 Court wrote that "[m]andatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features-among them, immaturity, impetuosity, and failure to appreciate risks and consequences." The trial court's considerations of Chandler's chronological age and its hallmark features by examples of youth of the same age was not an abuse of discretion.
 

 ¶ 21. Here, after consideration of all the
 
 Miller
 
 factors, the trial court had the authority to sentence Chandler to life in prison or life in prison with eligibility for parole notwithstanding present provisions of the applicable parole statute. Thus, the trial court acted within its authority by sentencing Chandler to life in prison "under current Mississippi law."
 

 CONCLUSION
 

 ¶ 22. The trial court did not
 
 automatically
 
 resentence Chandler to life in prison or perceive a legislative mandate that Chandler must be sentenced to life in prison without parole in violation of
 
 Miller
 
 . As required by
 
 Miller
 
 and our subsequent decision in
 
 Parker
 
 , the trial court held a hearing and, after considering all that was presented as well as the entire court file, sentenced Chandler to life in prison. The trial court took into account the characteristics and circumstances unique to juveniles.
 
 Jones
 
 ,
 
 122 So.3d at 702
 
 (¶ 12). Although
 the trial court had the authority to sentence Chandler to life in prison with the possibility of parole, it chose to sentence Chandler to life in prison, which was also within its authority.
 
 Parker
 
 ,
 
 119 So.3d at 1000
 
 (¶ 29). Because the trial court satisfied its obligation under
 
 Miller
 
 and
 
 Parker
 
 , and we cannot say the trial court abused its discretion in sentencing Chandler to life in prison, we affirm.
 

 ¶ 23.
 
 AFFIRMED.
 

 RANDOLPH, P.J., MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR. WALLER, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, P.J., KING AND ISHEE, JJ. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, P.J.