# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00441-COA

DARREN LEE WHARTON                                           APPELLANT

v.

STATE OF MISSISSIPPI                                          APPELLEE

DATE OF JUDGMENT:             02/24/2017
TRIAL JUDGE:                  HON. LAWRENCE PAUL BOURGEOIS JR.
COURT FROM WHICH APPEALED:    HARRISON COUNTY CIRCUIT COURT,
                              SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:       MICHAEL W. CROSBY
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: KAYLYN HAVRILLA MCCLINTON
NATURE OF THE CASE:           CIVIL - POSTCONVICTION RELIEF
DISPOSITION:                  REVERSED AND REMANDED - 10/02/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., BARNES AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.    In 1995, Darren Lee Wharton was convicted of one count of capital murder when he robbed a convenience store and, in the course of the robbery, shot the store clerk four times. The store clerk died several hours later. Wharton committed this crime on July 17, 1994. He was seventeen years and eighty days old at the time. Wharton was convicted of capital murder under Mississippi Code Annotated section 99-19-101 (Rev. 1994). Under that statute, the sentencing authority lies solely with the jury to determine the sentence for those convicted of capital murder, and the only sentencing options in this case were death, life imprisonment without eligibility for parole, or life imprisonment. The jury sentenced

Wharton to life imprisonment without the eligibility for parole. The Mississippi Supreme Court affirmed Wharton's conviction and sentence on appeal. *Wharton v. State*, 734 So. 2d 985, 991 (¶25) (Miss. 1998).

¶2. In 2016, Wharton received a new sentencing hearing for his capital murder conviction in light of the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012).[1] Following the hearing, the trial court resentenced Wharton to life in prison without parole, despite Wharton's request to be resentenced by a jury.

¶3. Wharton appeals, asserting that his sentence must be vacated because (1) the trial court did not comply with the legal standards and procedures under *Miller* and *Parker v. State*, 119 So. 3d 987 (Miss. 2013); (2) his resentencing should have been submitted to a jury; (3) his sentence is unconstitutionally disproportionate; and (4) his sentence constitutes cruel and unusual punishment under the Eighth Amendment of the United States Constitution and Article 3, Section 28 of the Mississippi Constitution. We reverse and remand this case to the Harrison County Circuit Court based upon our determination that, in this case, Wharton's *Miller* resentencing should be decided by a jury, not the trial court, because Wharton was convicted and sentenced under section 99-19-101 that prescribes sentencing

---

[1] *Miller* involved two companion cases involving fourteen-year-old offenders convicted of capital murder for separate crimes in Alabama (Miller) and Arkansas (Jackson). Both Miller and Jackson were sentenced to life imprisonment without eligibility for parole. The United States Supreme Court reversed both offenders' sentences on writ of certiorari, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 567 U.S. at 465. The Court remanded the cases for further proceedings to allow the "judge or jury . . . the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles." *Id.* at 489.

solely by a jury. Our opinion below, therefore, addresses only this determination, together with a preliminary discussion of the legal standards and procedures under *Miller* and *Parker* as they relate to Wharton's resentencing before a jury as the sentencing authority.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶4.     A forty-five-year-old convenience store clerk was shot four times during a store robbery that took place at a Circle K in Biloxi, Mississippi, at approximately 2:30 a.m. on July 17, 1994. The store clerk died several hours later. Wharton allegedly called his adoptive father, Richard (also known as Jim) and confessed to the robbery and shooting. Richard then drove to New Orleans with Investigator Billy Emile of the Ocean Springs Police Department to assist in his son's peaceful arrest. Wharton was arrested in New Orleans and charged with the capital murder of the store clerk and with the underlying crime of robbery. At the time of the crime, Wharton was seventeen years and eighty days old.

¶5.     Wharton was tried in December, 1995, in Harrison County Circuit Court (Second Judicial District). The jury found Wharton guilty of capital murder,[2] and the same jury determined that Wharton should be sentenced to life without eligibility for parole.[3] Wharton's life-without-parole sentence was entered on December 17, 1995. The Mississippi Supreme Court affirmed Wharton's conviction and sentence on direct appeal on November

---

[2] Mississippi Code Annotated section 1-3-4 (Rev. 2014) provides that "[t]he term 'capital murder' when used in any statute shall denote criminal cases, offenses[,] and crimes punishable by death, or imprisonment for life in the state penitentiary."

[3] As noted above, Wharton was sentenced under section 99-19-101. To avoid repetition, the relevant portions of this statute will be addressed in the discussion section below.

25, 1998.

¶6.     In 2012, the United States Supreme Court announced its decision in *Miller*, which bars the imposition of mandatory life-without-parole sentences on juvenile homicide offenders where the "characteristics and circumstances unique to juveniles" are not taken into account. *Miller*, 567 U.S. at 476-78.  Following that decision, Wharton petitioned the Mississippi Supreme Court for permission to file a motion to vacate his sentence in the trial court.  The supreme court granted Wharton leave to file his motion on September 4, 2014.

¶7.     Wharton filed a motion to vacate his sentence on September 18, 2014, and a supplemental motion to vacate his sentence on January 27, 2015, which were docketed in Wharton's prior criminal proceeding.  In accordance with instructions from the Harrison County Circuit Clerk, and in order to present his arguments in an original civil proceeding for postconviction relief (PCR), Wharton filed his PCR motion on July 27, 2015, in Civil Action Number A2402-15-108, attaching his previously filed motion to vacate his sentence and supplement to that motion.

¶8.     On July 13, 2016, the circuit court entered an order on Wharton's PCR motion, vacating Wharton's sentence of life without parole; remanding for resentencing in light of *Miller* and its Mississippi progeny, *Parker*; and denying Wharton's request for a jury for his resentencing hearing.  Testimony on resentencing under *Miller* and *Parker* was presented to the trial court on July 29, 2016, and counsels' arguments were heard on August 23, 2016. On February 24, 2017, the trial court issued an order in which it resentenced Wharton to life in prison without eligibility for parole.  Wharton appealed.  We reverse the trial court's denial

of Wharton's jury request for his *Miller* resentencing hearing and remand this case for resentencing consistent with our opinion below.

## STANDARD OF REVIEW

¶9.    *Miller* applies retroactively to cases on collateral review. *Jones v. State*, 122 So. 3d 698, 703 (¶18) (Miss. 2013). Regarding our standard of appellate review, the Mississippi Supreme Court held in *Chandler v. State,* 242 So. 3d 65 (Miss. 2018), *reh'g denied* (May 17, 2018),[4] that "there are two applicable standards of review in a *Miller* case. First, whether the trial court applied the correct legal standard is a question of law subject to de novo review." *Id.* at 68 (¶7). Second, "[i]f the trial court applied the proper legal standard, its sentencing decision is reviewed for an abuse of discretion." *Id.* We apply a de novo standard of review here in determining that Wharton's *Miller* resentencing should be before a jury, not the trial court, in this case.

## DISCUSSION

### I.    Rebuttable Presumption

---

[4] A petition for writ of certiorari before the United States Supreme Court is pending in *Chandler v. Mississippi*, Cause No. 18-203. The petition was filed on August 15, 2018, presenting two questions:

1.    Whether the Eighth Amendment requires the sentencing authority to make a finding that a juvenile is permanently incorrigible before imposing a sentence of life without parole.

2.    Whether Joey Chandler's life without parole sentence violates the Eighth Amendment because the sentencing judge failed to consider substantial, unrebutted evidence of his rehabilitation.

The Supreme Court has requested a response to Chandler's petition, due October 11, 2018.

¶10. Wharton contends that there exists a presumption against imposing a life-without-parole sentence on a juvenile homicide offender. The Mississippi Supreme Court has expressly rejected this contention. *Chandler*, 242 So. 3d at 69-70 (¶15). In determining that there is no such presumption, the supreme court discussed the United States Supreme Court's recent decision, *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), in which the Supreme Court elaborated on the considerations first set forth in *Miller*. Relevant here, the supreme court held that "after reviewing *Miller* and *Montgomery*, we discern that no rebuttable presumption exists in favor of parole eligibility for juvenile homicide offenders. Rather, *Miller* explicitly foreclosed imposition of a *mandatory* sentence of life without parole on juvenile offenders." *Chandler*, 242 So. 3d at 69-70 (¶15); *see also Jones v. State*, No. 2015-KA-00899-COA, 2017 WL 6387457, at *4 (¶15) (Miss. Ct. App. Dec. 14, 2017), *reh'g denied* (Apr. 24, 2018), *cert. granted*, 2015-CT-00899-SCT (Aug. 2, 2018); *Cook v. State*, 242 So. 3d 865, 873 (¶25) (Miss. Ct. App. 2017), *reh'g denied* (Nov. 28, 2017), *cert. denied*, 237 So. 3d 1269 (Miss. 2018). In accordance with this precedent, we likewise reject Wharton's rebuttable presumption argument here.

¶11. Wharton also contends that the sentencing authority in a *Miller* hearing must make a determination of "permanent incorrigibility" or "irretrievable depravity" in order to impose a life-without-parole sentence against him. This contention is contrary to Mississippi law. In *Chandler*, the Mississippi Supreme Court expressly held that "[t]he *Montgomery* Court confirmed that *Miller* does *not* require trial courts to make a finding of fact regarding a child's incorrigibility." *Chandler*, 242 So. 3d at 69 (¶15) (emphasis added), citing

6

*Montgomery*, 136 S. Ct. at 735;[5] *see Jones*, No. 2015-KA-00899-COA, 2017 WL 6387457, at *5 (¶17) (rejecting defendant's contention that the court must reverse "because the sentencing judge did not make a specific 'finding' that he is irretrievably depraved, irreparably corrupt, or permanently incorrigible."); *Cook*, 242 So. 3d at 876 (¶39) ("Moreover, in *Montgomery*, the Court specifically stated that '*Miller* did not require trial courts to make a finding of fact regarding a child's incorrigibility. . . .'"). Whether the sentencing authority in a *Miller* resentencing hearing is a jury or a judge, Mississippi law does not require a specific finding of a juvenile offender's "permanent incorrigibility."

## II.    *Miller* and *Parker* Sentencing Considerations

¶12.    In *Chandler*, the supreme court held that the sentencing authority in that case applied "the correct legal standard [under *Miller*] because it afforded [the defendant] a hearing and sentenced [the defendant] after considering and taking into account each factor identified in *Miller* and adopted in *Parker*." *Chandler*, 242 So. 3d at 68 (¶8). The Court in *Miller* identified a number of factors it found to be relevant in making the sentencing decision, as follows:

> Mandatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences. It prevents taking into account the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional. It neglects the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him. Indeed, it ignores that he might have been charged and convicted of a lesser offense if not for incompetencies associated

---

[5] A petition for writ of certiorari before the United States Supreme Court is pending in *Chandler v. Mississippi*, Cause No. 18-203, addressing this issue, as noted above.

with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys. And finally, this mandatory punishment disregards the possibility of rehabilitation even when the circumstances most suggest it.

*Miller*, 567 U.S. at 477-78 (citations omitted).

¶13. The Mississippi Supreme Court subsequently held in *Parker* that the five factors identified by *Miller* must be considered by the sentencing authority in determining whether a juvenile homicide offender may be sentenced to life without parole. *Parker*, 119 So. 3d at 998 (¶26); *see Chandler*, 242 So. 3d at 68-69 (¶¶11-12). As we address in detail in the following section, we find that the jury is the appropriate sentencing authority in this particular case because the jury is the sole sentencing authority under section 99-19-101, which is the statute under which Wharton was convicted. On remand, the trial court should instruct the jury at Wharton's resentencing hearing that they must "consider and take into account" each of the five factors identified in *Miller* and adopted in *Parker*. *Id.* at 68 (¶8).

### III. The Resentencing Authority

¶14. Wharton argues that he has a constitutional right to have a jury, rather than a judge, consider the *Miller* factors in resentencing and "make the factual findings necessary to determine whether [he] is 'the rare juvenile offender who exhibits such irretrievable depravity that rehabilitation is impossible and life without parole is justified.'"

¶15. We agree that because Wharton was convicted of capital murder under section 99-19-101, and then sentenced by a jury as required under section 99-19-101, Wharton's *Miller*

8

resentencing determination should be undertaken by a jury, not the trial judge.[6] Similar to

the Mississippi Supreme Court's analysis in *Parker*, 119 So. 3d at 998-99 (¶¶25-27), our

decision is based on section 99-19-101's sentencing scheme and our deference to the

Legislature, as "the branch of government responsible for enactment of substantive law,

which includes both crime and punishment." *Jones*, 122 So. 3d at 702 (¶12); *see Parker*, 119

So. 3d at 998 (¶25).  Specifically, under section 99-19-101's sentencing scheme, the

Legislature has vested sentencing authority in the jury, and that authority only allows a

sentencing proceeding to be conducted before a trial judge without a jury if the right to a jury

was waived or the defendant pleaded guilty, as follows:

> If the trial jury has been waived, or if the defendant pleaded guilty, the
> sentencing proceeding shall be conducted before a jury impaneled for that
> purpose *or may be conducted before the trial judge sitting without a jury if
> both the State of Mississippi and the defendant agree thereto in writing.*

Miss. Code Ann. § 99-19-101 (emphasis added).  In this case, Wharton did not plead guilty,

and the right to a jury was not waived.  He was convicted and sentenced by a jury.

Moreover, the Mississippi Legislature has not prescribed any other resentencing authority or

procedure to consider the postconviction *Miller* resentencing factors, as other states have

done.[7]  Accordingly, the sentencing authority to consider the *Miller* factors in Wharton's case

---

[6] As addressed above, we find no merit in Wharton's argument that the sentencing authority in a *Miller* resentencing hearing (whether a jury or the trial judge) must make a finding of "permanent incorrigibility" or "irretrievable depravity" in order to impose a life-without-parole sentence against him.

[7] *See, e.g.*, La. Code Crim. Proc. Ann. art. 878.1 (Supp. 2018) (specifying that the court will determine whether the juvenile offender's sentence shall be imposed with parole eligibility under *Miller*); Mich. Comp. Laws Ann. § 769.25(6) (Rev. 2014) (specifying that the court shall conduct a hearing and consider the factors listed in *Miller*); N.C. Gen. Stat.

remains with the jury, as prescribed by section 99-19-101.

¶16.    As noted, our decision on this issue is guided by the Mississippi Supreme Court's decision in *Parker*. In that case, the supreme court applied *Miller* to Mississippi's statutory sentencing scheme for non-capital murder under Mississippi Code Annotated section 97-3-21 (Rev. 2006). *Parker*, 119 So. 3d at 998-99 (¶¶25-27). Section 97-3-21 provided at that time that "[e]very person who shall be convicted of murder shall be sentenced *by the court* to imprisonment for life in the State Penitentiary."[8] (Emphasis added).

¶17.    The State urged the supreme court to find that because Parker could apply for conditional release at age sixty-five, then the requirements of *Miller* were satisfied. *Parker*, 119 So. 3d at 997 (¶23). The supreme court rejected this argument, refusing to substitute its judgment for that of the Legislature where the Legislature was constitutionally empowered to prescribe the sentencing authority. *Id.* at 998 (¶25). Observing that under section 97-3-21, for those convicted of simple murder, "[o]ur Legislature has vested sentencing authority solely with the trial court," the supreme court remanded Parker's case to the trial court for his *Miller* resentencing hearing. *Parker*, 119 So. 3d at 999 (¶27). Based on the same reasoning, we remand Wharton's case for *Miller* resentencing before a jury as the sentencing authority under section 99-19-101.

---

Ann. § 15A-1340.19C (Rev. 2012) (specifying that the court shall consider mitigating factors in conformance with *Miller* directive).

[8] Effective July 1, 2013, this statute was amended to provide, in pertinent part, that "[e]very person who shall be convicted of first-degree murder shall be sentenced by the court to imprisonment for life in the custody of Department of Corrections." Miss. Code Ann. § 97-3-21 (Rev. 2014). "The court" remains the sentencing authority under this statutory provision.

¶18. We also find instructive the unpublished order entered by a panel of the Mississippi Supreme Court in *Dycus v State*, 2012-M-02041 (Sept. 17, 2014), even though it has no precedential value. *Westbrook v. City of Jackson*, 665 So. 2d 833, 837 n.2 (Miss. 1995). In *Dycus*, Dycus was seventeen when he and his brother robbed and murdered an elderly woman. Dycus was convicted and sentenced to death following a jury trial, but he was later resentenced to life without parole following the United States Supreme Court's decision banning the imposition of the death penalty on juvenile offenders.[9] After *Miller* was decided, Dycus filed a motion in the Mississippi Supreme Court again requesting resentencing. A three-justice panel ordered a "new sentencing hearing before a jury under section 99-19-101," so as to allow the jury to consider all of the circumstances set forth in *Miller* in determining Dycus's new sentence. Section 99-19-101 is also the applicable sentencing statute here, thus *Dycus* instructively supports our decision that Wharton's case should likewise be remanded for a *Miller* resentencing hearing before a jury.

¶19. We observe that in *Cook*, 242 So. 3d at 877 (¶43), we distinguished *Dycus* on its facts "in that Dycus originally was convicted and sentenced by a jury." In contrast, Cook pleaded guilty, and, when he did so, "Cook waived his right to a jury trial and confirmed that he understood that he would be sentenced by the judge. He did so in writing and under oath." *Id.* We maintain that this is a valid distinction. Indeed, even under section 99-19-101, the trial judge would make the sentencing determination under these circumstances involving a guilty plea and a valid waiver.

---

[9] *Roper v. Simmons*, 543 U.S. 551, 578-79 (2005).

¶20. In *Cook*, however, this Court went further in addressing the *Dycus* order, stating that "section 99-19-101 does not grant Cook a right to a jury in a '*Miller* hearing.'" *Id.* at 877 (¶44). As we address in the following paragraph, we agree with *Cook* that there is no state or federal constitutional right to a jury for resentencing in these post-trial collateral proceedings to satisfy the *Miller* requirements. The Mississippi Legislature, however, has prescribed no other sentencing authority to consider these collateral *Miller* resentencing proceedings.[10] For this reason, we look to the underlying sentencing statute to determine the prescribed sentencing authority. In *Cook*, the Court stated:

> A *Miller* hearing is a specialized proceeding that is required solely because the United States Supreme Court's decision in *Miller* decreed it. It is a judicial invention. . . . On its face, section 99-19-101 does not apply to *Miller* hearings. Absent some further direction from the Legislature, we see no reason to interpret section 99-19-101 to require juries in *Miller* hearings.

*Id.* These observations are dicta because the defendant in *Cook* was not convicted under 99-19-101 for capital murder. Cook was convicted of murder and sentenced under section 97-3-21, a statutory scheme in which the trial judge is the sentencing authority. The sentencing scheme under section 99-19-101 was not under consideration in *Cook*. Accordingly, the statements in *Cook* about section 99-19-101 are not binding on this Court, and we do not follow them in this case. *See Taylor v. State*, 122 So. 3d 707, 714-15 (¶20) (Miss. 2013) (explaining that statements in a prior case about a statute that was not under consideration were dicta and not controlling in the case at hand) (citing cases); *Hughes v. Hosemann*, 68

---

[10] Other state legislatures, in comparison, have delineated the sentencing authority for *Miller* resentencing proceedings. *Cf., e.g.*, La. Code Crim. Proc. Ann. art. 878.1; Mich. Comp. Laws Ann. § 769.25; N.C. Gen. Stat. Ann. § 15A-1340.19C.

So. 3d 1260, 1264 (¶11) (Miss. 2011) (observing that gratuitous remarks in a prior case, made outside the court's dispositive conclusion, were "mere dicta—surplusage, which *no court* is bound to follow").[11]

¶21.    As stated, in remanding Wharton's case for *Miller* resentencing before a jury, we do *not* find that Wharton has a "constitutional right" to have a jury, rather than a judge, undertake consideration of the *Miller* factors.  This Court has now twice rejected the claim that there is a "constitutional right" to a *Miller* hearing, and we find no basis for a contrary holding here.  As we held in *Cook*:

> The *Miller* and *Montgomery* opinions refute Cook's argument [that he had a constitutional right to have a jury determine his sentence under *Miller*].  *Miller* held that "a judge *or* jury must have the opportunity to consider mitigating circumstances before imposing" the sentence of LWOP in the case of a juvenile offender.  *Miller*, 132 S. Ct. at 2475 (emphasis added).  And in *Montgomery*, the Court stated, "*Miller* requires that before sentencing a juvenile to [LWOP], the sentencing *judge* [must] take into account" certain potentially mitigating factors.  *Montgomery*, 136 S. Ct. at 733 (emphasis added). . . . [U]nless the United States Supreme Court's opinions in *Miller* and *Montgomery* do not mean what they specifically say—that a judge may sentence the offender to LWOP—Cook does not have a constitutional right to be resentenced by a jury.

*Cook*, 242 So. 3d at 876 (¶¶39-40) (emphasis on "or" added).  To determine the sentencing authority in a *Miller* hearing, we look to the statute under which the juvenile offender was convicted and sentenced, until and unless the Legislature prescribes otherwise.

---

[11] In *Jones*, No. 2015-KA-00899-COA, 2017 WL 6387457, at *4 (¶15), this Court cited *Cook*, 242 So. 3d at 876-77 (¶¶41-44)*,* for the proposition that "there is no constitutional *or statutory* right to a jury at a *Miller* resentencing hearing." (Emphasis added).  As in *Cook*, the defendant in *Jones* was convicted of murder and sentenced under section 97-3-21.  The statutory sentencing scheme under section 99-19-101 was not under consideration in *Jones*, and thus any statement regarding the lack of a statutory right to a jury *Miller* resentencing hearing under section 99-19-101 is dicta and not binding on this Court.

13

¶22. **REVERSED AND REMANDED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, GREENLEE AND TINDELL, JJ., CONCUR. WILSON AND WESTBROOKS, JJ., NOT PARTICIPATING.**