# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CT-01381-SCT

*ANTONIO McDOWELL a/k/a ANTONIO P.*
*McDOWELL a/k/a ISHA a/k/a TONIO*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/18/2021 |
| TRIAL JUDGE: | HON. JAMES McCLURE, III |
| TRIAL COURT ATTORNEYS: | JAMES W. SHELSON |
| | ROBERT GREGG MAYER |
| | NASH ELLIS GILMORE |
| | STEVEN PATRICK JUBERA |
| COURT FROM WHICH APPEALED: | TALLAHATCHIE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JAMES W. SHELSON |
| | REUBEN V. ANDERSON |
| | NASH ELLIS GILMORE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CASEY BONNER FARMER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 05/09/2024 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     In 2000, Antonio McDowell was sentenced by a jury to life without the possibility of parole for capital murder. McDowell was a juvenile at the time the crime was committed. Subsequently, the United States Supreme Court held that juveniles cannot be sentenced to mandatory life without parole. *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed.

2d 407 (2012). In light of *Miller*, the trial court vacated McDowell's sentence and proceeded with a jury trial for sentencing under Mississippi Code Section 99-19-101 (Rev. 2020). The State agreed that sentencing via a jury trial was appropriate. Mississippi Code Section 99-19-101(3) (Rev. 2020) provides in relevant part that "[i]f, after the trial of the penalty phase, the jury does not make the findings requiring the death sentence or life imprisonment without eligibility for parole, or is unable to reach a decision, the court shall impose a sentence of life imprisonment."

¶2.     After hearing and considering evidence related to the *Miller* criteria, the jury was unable to agree on a sentence for McDowell. Instead of imposing a sentence of life, however, the trial judge considered the *Miller* evidence presented to the jury and sentenced McDowell to life without the possibility of parole, and the Court of Appeals affirmed. *McDowell v. State*, No. 2021-CA-1381-COA, 2023 WL 2383985 (Miss. Ct. App. March 7, 2023). On *certiorari* review, we find that the trial court's unopposed grant of a jury trial pursuant to Section 99-19-101 for McDowell's sentencing made Section 99-19-101 applicable to the entirety of the proceedings. This applicability continued upon the jury's failure to agree on a sentence. Therefore, the trial court erred by conducting the *Miller* analysis and sentencing McDowell to life without parole.

### FACTS AND PROCEEDINGS BELOW

¶3.     Antonio McDowell was seventeen years old when he shot and killed a store clerk during the course of a robbery. A jury convicted him of capital murder and sentenced him to life without the possibility of parole. In 2012, the United States Supreme Court held that

mandatory life sentences without parole for juvenile defendants are unconstitutional. *Miller*, 567 U.S. at 465. The Court did not foreclose the possibility of life without parole sentences for juvenile offenders but held that the sentencing entity must consider "an offender's youth and attendant characteristics[.]" *Id.* at 483.

¶4. In consequence of *Miller*, the trial judge vacated McDowell's sentence. The State did not appeal the vacating of the sentence but instead entered into an agreed order to proceed with a jury trial under Section 99-19-101. The jury heard evidence from Dr. Criss Lott, a clinical and forensic psychologist; Emmit Sparkman, the superintendent and deputy commissioner at Parchman Penitentiary; the defendant; Walter Davis, an investigator at the time of the crime; and Barry Whitten, the son of the victim. Dr. Lott, who prepared a thirty-three page report after interviewing and testing McDowell, presented his opinion that McDowell could be rehabilitated. Sparkman testified that he did not see evidence that McDowell was incorrigible or that he could not be rehabilitated.

¶5. The jury was unable to agree on a sentence, prompting the trial court to enter an order declaring a mistrial. McDowell moved the court to impose a sentence of life with the possibility of parole pursuant to Section 99-19-101(3) (emphasis added), which provides that "[i]f, after the trial of the penalty phase, the jury does not make the findings requiring the death sentence or life imprisonment without eligibility for parole, or is unable to reach a decision, the court *shall* impose a sentence of life imprisonment." The trial court denied the motion and, taking into consideration the evidence presented to the jury, sentenced McDowell to life without the possibility of parole.

¶6.     A majority of the Court of Appeals affirmed the circuit court's decision. *McDowell*, 2023 WL 2383985, at *1. This Court granted *certiorari* review on November 3, 2023.

## STANDARD OF REVIEW

¶7.     "Where an appeal raises a question of law, the applicable standard of review is de novo." *Jones v. State*, 122 So. 3d 698, 700 (Miss. 2013) (citing *Lambert v. State*, 941 So. 2d 804, 807 (Miss. 2006)). "If the trial court applied the proper legal standard, its sentencing decision is reviewed for an abuse of discretion." *Chandler v. State*, 242 So. 3d 65, 68 (Miss. 2018) (citing *Hampton v. State*, 148 So. 3d 992, 999 (Miss. 2014)).

## DISCUSSION

¶8.     Mississippi's scheme for capital sentencing provides:

(3)     For the jury to impose a sentence of death, it must unanimously find in writing the following:

(a) That sufficient factors exist as enumerated in subsection (7) of this section;

(b) That sufficient aggravating circumstances exist as enumerated in subsection (5) of this section; and

(c) That there are insufficient mitigating circumstances, as enumerated in subsection (6), to outweigh the aggravating circumstances.

In each case in which the jury imposes the death sentence, the determination of the jury shall be supported by specific written findings of fact based upon the circumstances in subsections (5) and (6) of this section and upon the records of the trial and the sentencing proceedings. *If, after the trial of the penalty phase, the jury does not make the findings requiring the death sentence or life imprisonment without eligibility for parole, or is unable to reach a decision, the court shall impose a sentence of life imprisonment.*

4

§ 99-19-101(3) (emphasis added). It is unconstitutional to impose the death penalty on capital defendants who were juveniles at the time of the crime. ***Roper v. Simmons***, 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005). Therefore, juveniles facing sentencing for capital murder will be sentenced either to life or to life without parole upon consideration of the *Miller* factors. In *Miller*, the United States Supreme Court stated that, given "this decision about children's diminished culpability and heightened capacity for change, we think appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon[,]" and that it would be "the rare juvenile offender whose crime reflects irreparable corruption." *Miller*, 567 U.S. at 479-80 (internal quotation marks omitted) (quoting ***Roper***, 543 U.S. at 573).

¶9.     *Miller* applies retroactively. ***Jones***, 122 So. 3d at 703. Therefore, defendants currently serving life without parole for crimes committed while a juvenile are entitled to review for the sentencing entity to take into consideration the following factors:

> Mandatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences. It prevents taking into account the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional. It neglects the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him. Indeed, it ignores that he might have been charged and convicted of a lesser offense if not for incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys. And finally, this mandatory punishment disregards the possibility of rehabilitation even when the circumstances most suggest it.

*Miller*, 567 U.S. at 477-78 (citations omitted); *see also* **Parker v. State**, 119 So. 3d 987 (Miss. 2013). A majority of this Court has held that juvenile defendants are not entitled to jury trials on collateral review of life without parole sentences under *Miller*. **Wharton v. State**, 298 So. 3d 921 (Miss. 2019); **McGilberry v. State**, 292 So. 3d 199 (Miss. 2020); **Dampier v. State**, 375 So. 3d 1149 (Miss. 2023).

¶10. However, the procedural posture of McDowell's instant sentencing proceeding is distinguishable from those cases. The trial court vacated McDowell's sentence, the State entered into an agreed order to proceed with a jury trial, and the trial court convened and presided over the jury trial. When the jury, having heard the *Miller* evidence, failed to agree on whether to sentence McDowell to life or to life without parole, Section 99-19-101 controlled such that the trial court was mandated to impose a sentence of life. **Moore v. State**, 287 So. 3d 905, 917 (Miss. 2019).

**CONCLUSION**

¶11. At the direction of the trial court and by agreement of all parties, McDowell's sentencing proceeded under Section 99-19-101. Therefore, the trial court erred by imposing a life sentence without parole when the jury was unable to agree on a verdict. We therefore reverse the judgments of the Court of Appeals and of the Tallahatchie County Circuit Court and remand the case to the circuit court for proceedings consistent with this opinion.

¶12. **REVERSED AND REMANDED.**

**KING, P.J., COLEMAN, CHAMBERLIN AND ISHEE, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, C.J., AND CHAMBERLIN, J.**

**BEAM, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, J.; RANDOLPH, C.J., AND MAXWELL, J., JOIN IN PART.**

**MAXWELL, JUSTICE, CONCURRING IN PART AND IN RESULT:**

¶13. I agree with the majority's specific holding in this case—that once the trial court granted the unopposed request for a jury under Mississippi Code Section 99-19-101 (Rev. 2020) and *actually convened a jury* to review and apply the ***Miller*** factors,[1] it was error for the trial court not to see the procedure through.

¶14. This Court has consistently held that a petitioner seeking post-conviction relief from his life-without-parole sentence based on a retroactive application of ***Miller*** is not entitled to jury sentencing—even when, as in this case, the trial court erroneously vacated the sentence prior to ***Miller*** review. ***Dampier v. State***, 375 So. 3d 1149, 1155 (Miss. 2023); ***McGilberry v. State***, 292 So. 3d 199, 206 (Miss. 2020); ***Wharton v. State***, 298 So. 3d 921, 928 (Miss. 2019). To be clear, the controlling circumstance is not that McDowell's original sentence was vacated. As Justice Beam points out in her dissent, this Court has reviewed several post-conviction proceedings in which the trial court erroneously vacated the petitioner's sentence *before* conducting a ***Miller*** hearing. ***Dampier***, 375 So. 3d at 1155; ***McGilberry***, 292 So. 3d at 206; ***Wharton***, 298 So. 3d at 928. And in each of them, a majority of this Court has been clear that, under those circumstances, the petitioners were not entitled to jury resentencing under Section 99-19-101. ***Dampier***, 375 So. 3d at 1155; ***Wharton***, 298 So. 3d at 925-26.

---

[1] ***Miller v. Alabama***, 567 U.S. 460, 477-78, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

7

¶15. But in each of those cases, the trial courts *denied* the requests for a jury. So the claimed error on appeal was that the trial court reversibly erred by not applying Section 99-19-101 in the post-conviction context—a claim this Court has consistently rejected. *Dampier*, 375 So. 3d at 1155-56; *Wharton*, 298 So. 3d at 925-26; *McGilberry*, 292 So. 3d at 207.

¶16. This case is different. Here, the trial court *granted* the request for jury resentencing under Section 99-19-101. Not only that, the trial court actually convened a jury. And the jury considered the relevant *Miller* factors and deliberated over whether McDowell should receive a life sentence or a life-without-parole sentence. At the end of the hearing, the jury could not reach a unanimous decision. So at that point, Section 99-19-101(3) directed that a life-with-the-possibility-of-parole sentence be imposed.

¶17. In other words, the trial court would have committed no error had it rejected McDowell's initial request for jury resentencing under Section 99-19-101. *Dampier*, 375 So. 3d at 1155-56; *Wharton*, 298 So. 3d at 925-26; *McGilberry*, 292 So. 3d at 207. But once the trial court granted McDowell's request for a jury and set Section 99-19-101's procedures in motion, I agree that the trial court was obligated to see them through.

¶18. Again, this specific holding is limited to the scenario before us. And I in no way depart from my view—and the majority of this Court's consistent view—that PCR petitioners are not entitled to jury resentencing based on the retroactive application of *Miller*, even in those circumstances in which the trial judge mistakenly vacated the sentence before conducting a *Miller* hearing. *Dampier*, 375 So. 3d at 1155-56.

8

**RANDOLPH, C.J., AND CHAMBERLIN, J., JOIN THIS OPINION.**

**BEAM, JUSTICE, DISSENTING:**

¶19.    Respectfully, I dissent.  The Court of Appeals unanimously concluded that Antonio McDowell was not entitled to resentencing by a jury under Mississippi Code Section 99-19-101 for purposes of *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).  *McDowell v. State*, No. 2021-CA-01381-COA, 2023 WL 2383985, at *12 (Miss. Ct. App. Mar. 7, 2023).  The decision of the Court of Appeals was correct.

¶20.    McDowell was sentenced by a jury in 2000 to life without parole for capital murder under Section 99-19-101.  This Court granted McDowell's request for leave to file a motion for post-conviction relief (PCR) in the circuit court based on *Miller*.  Like the circuit courts in *Wharton v. State*, 298 So. 3d 921, 928 (Miss. 2019), *McGilberry v. State*, 292 So. 3d 199, 206 (Miss. 2020), and *Dampier v. State*, 375 So. 3d 1149, 1151 (Miss. 2023), the circuit court vacated McDowell's sentence.  The circuit court, however, denied McDowell's request for resentencing by a jury.

¶21.    But after the Court of Appeals decided *Wharton v. State*, 334 So. 3d 136 (Miss. Ct. App. 2018), *rev'd*, 298 So. 3d at 931, McDowell renewed his motion for resentencing by a jury, which the circuit court granted.   And the State and McDowell submitted an agreed order to the circuit court to present evidence to a jury for consideration of the *Miller* factors. The new jury could not reach a decision and informed the circuit court: "we are a hung jury." The circuit court entered an order declaring a mistrial.

9

¶22. McDowell subsequently moved the circuit court to impose a sentence of life in prison with eligibility for parole, which, as the Court of Appeals recognized, does not exist pursuant to Mississippi Code Section 99-19-101(3). *McDowell*, 2023 WL 2383985, at *8 ("the relevant statutory section does not say 'life imprisonment with parole'; it merely says 'life imprisonment'"). The circuit court denied the motion.

¶23. Before the circuit court took any further action in the case, this Court issued *Wharton*, reversing on certiorari review the decision of the Court of Appeals. *Wharton* made clear that PCR petitioners, whose sentences under Section 99-19-101 were final when *Miller* was decided, are not entitled to resentencing under Section 99-19-101. Rather, the petitioner is given the opportunity under Mississippi's post-conviction relief act to show that, "under application of the *Miller* factors . . . , the offender's life-without-parole sentence is unconstitutional." *Wharton*, 298 So. 3d at 927. Thus, when a PCR petitioner "receives permission to proceed with a *Miller*-based claim in the trial court, what is going on is *not* a resentencing." *Dampier*, 375 So. 3d at 1151 (citing *Wharton*, 298 So. 3d at 928). *Wharton* also made clear that "it is error for our trial courts to vacate" a petitioner's original sentence before conducting a *Miller* hearing. *Wharton*, 298 So. 3d at 927-28.

¶24. The circuit court subsequently granted the State's motion to set aside its prior order vacating McDowell's sentence. The circuit court then considered the *Miller* factors based on the evidence that McDowell had presented to the jury. The circuit court found that McDowell's age did not "import an immaturity, impetuosity, or inability to appreciate the risks and consequences" of his actions. The circuit court ordered that McDowell is "to serve

10

a term of life imprisonment without eligibility of parole . . . as imposed by the jury on October 5, 2000 and as now imposed by this [c]ourt."

¶25.    As Judge McDonald, writing for the Court of Appeals explained *Wharton* was an intervening decision that issued while McDowell's PCR petition was still pending in the circuit court, and *Wharton* applied retroactively to the case. *McDowell*, 2023 WL 2383985, at *7. "[A]s a rule, decisions of [the Mississippi Supreme] Court are presumed to have retroactive effect unless otherwise specified." *Id.* (internal quotation marks omitted) (quoting *Miss. Transp. Comm'n v. Ronald Adams Contractor Inc.*, 753 So. 2d 1077, 1093 (Miss. 2000)). "Indeed, a legal system based on precedent has a built-in presumption of retroactivity." *Id.* (internal quotation mark omitted) (quoting *Morgan v. State*, 703 So. 2d 832, 839 (Miss. 1997)). "Only where 'retroactive enforcement would cause serious disruption of the administration of justice and where the prior rule was not infected by a serious absence of fundamental fairness' will decisions of our supreme court not be retroactively applied." *Id.* (quoting *Graves v. State*, 761 So. 2d 950, 953-54 (Miss. Ct. App. 2000)).

¶26.    Here, McDowell stood in the same procedural posture as the petitioners in *Wharton*, *McGilberry*, and *Dampier*. That a jury was convened in those instances and could not reach a decision, is, as the Court of Appeals concluded, "irrelevant." *McDowell*, 2023 WL 2383985, at *11. McDowell had no right to a *Miller* hearing in front of a new jury. *Wharton*, 295 So. 3d at 925. The circuit court properly set aside its previous order vacating

11

McDowell's original sentence and conducted the matter as a PCR proceeding in accordance with this Court's decision in *Wharton*.

**GRIFFIS, J., JOINS THIS OPINION.  RANDOLPH, C.J., AND MAXWELL, J., JOIN THIS OPINION IN PART.**