BARNES, J., for the Court.
 

 ¶ 1. Myron Pollard appeals an order by the Coahoma County Circuit Court denying, for lack of jurisdiction, his “Motion to Set Aside Involuntary Guilty Plea and Subsequent Sentencing Judgment and Motion Demanding Trial.” Finding that the circuit court did, indeed, lack jurisdiction, we affirm.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On May 29, 2007, Pollard was charged in two separate indictments— Cause No. 2007-042 and Cause No. 2007-043. Cause No. 2007-042, which is at issue in this appeal, charged Pollard with possession of codeine (a Schedule V controlled substance) and possession of marijuana. Cause No. 2007-043 charged Pollard with two counts — possession of cocaine and possession of marijuana.
 
 [1]
 
 Following a plea-qualification hearing on July 13, 2007, Pollard pleaded guilty to all four counts. His plea was “open” and not based upon any recommendation by the district attorney. The circuit court entered an order accepting Pollard’s guilty pleas on July 16, 2007, but deferred sentencing pending a presentence investigation report as Pollard had applied for participation in the drug court.
 
 [2]
 
 However, Pollard’s application to the drug court was rejected. At the sentencing hearing on August 20, 2007, the court orally sentenced Pollard to fifteen years in the custody of the Mississippi Department of Corrections and imposed a $5,000 fine for possession of codeine and a $250 fine for possession of mai'ijuana in Cause No. 2007-042. Pollard was also
 
 *557
 
 sentenced to fifteen years in the custody of the Mississippi Department of Corrections, along with a $5,000 fine for possession of cocaine and a $250 fine for possession of marijuana in Cause No. 2007-043, with the sentence to run concurrently with the sentence imposed in Cause No. 2007-042. The sentencing orders were entered on August 30, 2007.
 

 ¶ 3. On September 6, 2007, Pollard filed a motion to set aside his guilty plea and sentence for Cause No. 2007-042 (possession of codeine and possession of marijuana) claiming that his guilty plea was given involuntarily and demanding a jury trial.
 
 [3]
 
 At a hearing on March 12, 2008, the circuit judge denied Pollard’s motion based on a lack of jurisdiction. The court stated:
 

 [T]he Court is of the opinion that it is without jurisdiction to hear the present motion. The term of court in which the Defendant entered his plea has since expired, and the Court did not retain jurisdiction over this matter past sentencing. The only avenue available to the Defendant at this time is through the uniform post-conviction collateral relief act.
 

 However, Pollard rejected the circuit judge’s invitation at the hearing to treat the motion as one filed under the Mississippi Uniform Post-Conviction Collateral Relief Act, indicating that he would prefer to appeal the court’s denial of his motion to set aside his guilty plea. We now consider Pollard’s appeal.
 

 WHETHER THE CIRCUIT COURT HAD JURISDICTION TO CONSIDER POLLARD’S MOTION TO SET ASIDE HIS GUILTY PLEA.
 

 ¶ 4. Pollard asserts that the circuit court should have considered his motion based on Rule 10.05 of the Uniform Rules of Circuit and County Court, which provides that a motion for a new trial should be filed within ten days of the entry of judgment. We find Pollard’s argument unpersuasive. A motion to withdraw or set aside a guilty plea is not equivalent to a motion for a new trial. Since there is no trial held upon an entry of a guilty plea, Rule 10.05 does not apply in cases where the defendant pleaded guilty.
 
 Leverette v. State,
 
 812 So.2d 241, 244(¶ 9) (Miss.Ct.App.2002).
 

 ¶ 5. Pollard also relies on
 
 Presley v. State,
 
 792 So.2d 950, 953(¶ 10) (Miss.2001), for the proposition that a motion for withdrawal of a guilty plea may be made after sentencing. However, this is only done in order to “correct [a] manifest injustice[,]” and it is at the discretion of the trial court.
 
 Id.
 
 Additionally, although a trial court may, pursuant to Mississippi Code Annotated section 11-1-16 (Rev.2002), “consider a pending motion after a term [of court] has ended[,]” this statute is not applicable here.
 
 See Presley,
 
 792 So.2d at 953(¶ 13). The term of court ended on August 17, 2007. Thus, Pollard’s motion, which was filed on September 6, 2007, was not filed until after the term of court had expired and after the sentencing order was entered on August 30, 2007. Accordingly, the circuit court had no authority to consider Pollard’s motion.
 

 ¶ 6. Without addressing the merits of Pollard’s case and leaving him free to pursue any remedy available under the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated sections 99-39-1 to -29 (Rev.2007), we affirm the circuit court’s denial of Pollard’s motion to set aside his guilty plea.
 

 
 *558
 
 ¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Cause No. 2007-043 is also before this Court on a separate appeal in Case No. 2008-CA-00679-COA.
 

 [2]
 

 .
 
 See generally
 
 Miss.Code Ann. § 9-23-1 (Supp.2008) (Alyce Griffin Clarke Drug Court Act).
 

 [3]
 

 . Pollard claims drat he was informed of the rejection of his application to the drug court only minutes before his sentencing.