# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00435-COA

CLINTON WINTERS JR. A/K/A CLINTON S. WINTERS         APPELLANT

v.

STATE OF MISSISSIPPI         APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/18/2022 |
| TRIAL JUDGE: | HON. SMITH MURPHEY |
| COURT FROM WHICH APPEALED: | TALLAHATCHIE COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CLINTON WINTERS JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/04/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., GREENLEE AND SMITH, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. Clinton Winters appeals the dismissal of his second motion for post-conviction relief (PCR). The Tallahatchie County Circuit Court found that his motion was time-barred, successive, and without merit. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. In September 2015, Winters was indicted for check fraud (a felony) under Mississippi Code Annotated section 97-19-55 (Supp. 2009). The incident occurred in 2014 when Winters issued a worthless check in the amount of $250. In September 2017, he pled guilty and was sentenced to three years of non-reporting post-release supervision (PRS). Winters

filed his first PCR motion challenging his conviction in November 2017. The circuit court summarily dismissed the motion pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev. 2020).[1]

¶3. Winters violated the terms of his PRS when he was arrested for stealing a trailer while in possession of methamphetamine in 2019. The State filed a petition to revoke his PRS, which the circuit court granted. Winters then filed the subject PCR motion in November 2021 challenging his felony-worthless-check conviction. He made various claims, but the main emphasis was that his sentence was illegal because he should have been convicted of a misdemeanor rather than a felony. The circuit court dismissed the PCR motion as time-barred and successive while also finding that Winters' claims lacked merit. Winters appealed the court's order dismissing the November 2021 PCR motion.

## STANDARD OF REVIEW

¶4. "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's decision if it is clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017) (quoting *Thinnes v. State*, 196 So. 3d 204, 207-08 (¶10) (Miss. Ct. App. 2016)).

## DISCUSSION

I. **Winters' motion is both time-barred and successive under the Uniform Post-Conviction Collateral Relief Act (UPCCRA) and without merit.**

---

[1] This dismissal was not appealed.

2

¶5. Mississippi Code Annotated section 99-39-5(2) (Rev. 2020) provides a three-year statute of limitations to file a PCR motion. In Winters' case, the statute of limitations ran three years after the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2). Winters pled guilty, and the judgment of conviction and sentence was entered in September 2017. His PCR motion was filed in November 2021—more than a year past the statutory limitations period.

¶6. The statute provides exceptions to the limitations period when the petitioner can demonstrate:

> (a)(i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or

> (ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

> (b) Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

*Id*. § 99-39-5(2)(a)-(b). The petitioner bears the burden of showing he has met a statutory exception. *Fluker v. State*, 334 So. 3d 160, 163 (¶7) (Miss. Ct. App. 2021).

¶7. Winters does not claim that any of the statutory exceptions apply to him. He alleged

3

in his PCR motion that there is evidence available to overturn his conviction; specifically, there is a money order in the victim's account that shows the $250 value of the worthless check was reimbursed. However, this claim does not allow Winters to meet an exception. Section 99-39-5(2)(a)(ii) allows for DNA evidence not previously tested, or that could be subject to new testing, to potentially overcome a guilty plea if there is a reasonable probability the testing would have resulted in Winters receiving a lesser sentence or no conviction. Winters' alleged evidence does not invoke this exception. Because Winters has failed to demonstrate that any of the enumerated exceptions apply to him, his motion is time-barred.

¶8.    In addition to the statute of limitations, Mississippi Code Annotated section 99-39-23(6) (Rev. 2020) states that any order that grants relief, denies relief, or dismisses a PCR motion bars any second or successive motion. Miss. Code Ann. § 99-39-23(6). Winters filed his first PCR motion challenging his guilty plea in November 2017, and the motion was dismissed. The statute provides for the following exceptions:

> Excepted from this prohibition is a motion filed under Section 99-19-57(2), raising the issue of the convict's supervening mental illness before the execution of a sentence of death. A dismissal or denial of a motion relating to mental illness under Section 99-19-57(2) shall be res judicata on the issue and shall likewise bar any second or successive motions on the issue. Likewise excepted from this prohibition are those cases in which the petitioner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has

4

been unlawfully revoked. Likewise excepted are those cases in which the petitioner has filed a prior petition and has requested DNA testing under this article, provided the petitioner asserts new or different grounds for relief related to DNA testing not previously presented or the availability of more advanced DNA technology.

Miss. Code Ann. § 99-39-23(6).

¶9. Winters' claims similarly do not meet an exception under this section. In his appellate brief, Winters claims that several people, including his ex-wife, witnessed him hand-deliver a money order reimbursing the amount from the worthless check to the victim. Because this evidence was discoverable in this context, it does not meet the exception. Furthermore, this alleged evidence alone would not be "practically conclusive" to have resulted in a different outcome. *See id.* Winters never denies that he issued a worthless check, and he did not provide enough information to overcome the presumption of intent to defraud. *See* Miss. Code Ann. § 97-19-57(1) (Rev. 2006). Because Winters failed to demonstrate that any of these exceptions apply to him, his motion is barred as successive.

¶10. Until recently, Mississippi caselaw provided additional exceptions to the litigation bars of the UPCCRA for "errors affecting fundamental constitutional rights." *See Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010); *but see Howell v. State*, No. 2020-CA-00868-SCT, 2023 WL 412469, at *2-3 (¶¶8, 12) (Miss. Jan. 26, 2023), *motion for reh'g denied* (Mar. 30, 2023). With the impending decision in *Howell* overturning *Rowland* and its progeny, petitioners like Winters are limited to the exceptions that are enumerated in the statute; however, the supreme court acknowledged that

> [o]ther arguments may be used to attack the constitutionality of the statutory bars, either as applied to particular cases or on their face, and we have no

5

intent to address their validity one way or the other here. We further recognize that, in specific cases, other arguments or doctrines, e.g., equitable tolling, might be available to afford relief from the statute of limitations.

*Howell*, 2023 WL 412469, at * 3 (¶12). The supreme court followed by addressing Howell's claims on the merits. *Id.* at (¶13). Proceeding likewise, we will address the merits of Winters' claim.

¶11. Winters essentially argues that his sentence was illegal. He claims that he was found guilty of a felony when it should have been a misdemeanor. However, a reading of the statute shows that Winters is incorrect. Section 97-19-67(1)(d) states:

> (d) Where the check, draft, order, electronically converted check, or electronic commercial debit involved **shall be One Hundred Dollars ($100.00) or more, the person committing such offense, whether same be a first or second offense, shall be guilty of a felony** and, upon conviction, shall be punished by a fine of not less than One Hundred Dollars ($100.00) nor more than One Thousand Dollars ($1,000.00), or by imprisonment in the State Penitentiary for a term of not more than three (3) years, or by both such fine and imprisonment, in the discretion of the court. Upon conviction of a third or any subsequent offense, the person convicted shall be punished as is provided in the immediately preceding paragraph hereof.

Miss. Code Ann. § 97-19-67(1)(d) (Rev. 2006) (emphasis added). Winters does not dispute that he wrote a worthless check for $250. Instead, he mistakenly argues that the threshold for a felony charge is $1,000. Therefore, this issue is without merit.

¶12. As previously discussed, Winters claimed in his PCR motion that there was evidence that would show he reimbursed the victim the full amount owed. However, Winters voluntarily pled guilty to the crime charged. A valid guilty plea waives all non-jurisdictional rights or defects that are incident to trial. *Reardon v. State*, 341 So. 3d 1004, 1012 (¶27) (Miss. Ct. App. 2022). Furthermore, he admits that this evidence was available at the time

6

of his plea. A PCR movant may be entitled to an evidentiary hearing when he claims there is new evidence that exonerates him. *See Rye v. State*, 356 So. 3d 188, 192 (¶10) (Miss Ct. App. 2023). However, "[a]ny newly discovered material evidence must be sufficient to result in a different result or induce a different verdict." *Id.* at (¶9) (quoting *Jordan v. State*, 21 So. 3d 697, 702 (¶18) (Miss. Ct. App. 2009)).

> Newly discovered evidence warrants a new trial if [(1)] the evidence will probably produce a different result or verdict; [(2)] the evidence has been discovered since trial; [(3)] the evidence could not have been discovered before trial by the exercise of due diligence; [(4)] the evidence addresses a material issue; and [(5)] the evidence is not merely cumulative or impeaching.

*Williams v. State*, 669 So. 2d 44, 55 (Miss. 1996). Given the circumstances, we find that Winters was not entitled to an evidentiary hearing on this issue and find this issue is without merit.

¶13. Winters did not initially contest his guilty plea. However, he claimed in his PCR motion that he could have withdrawn his plea under Mississippi Rule of Criminal Procedure 15.4 after his sentencing order was entered. Circuit courts generally do not have the authority to consider a motion to withdraw a guilty plea after the term of court has ended. *Pollard v. State*, 12 So. 3d 555, 557 (¶5) (Miss. Ct. App. 2009). Furthermore, although he made this argument in his PCR motion, he did not raise this issue in his appellate brief. Therefore, this issue has been waived. *See* M.R.A.P. 28.

## II. Winters' additional claims are procedurally barred.

¶14. Winters makes additional claims in his appellate brief regarding his conviction for possession of methamphetamine in 2019, as well as other criminal cases in both state and

7

federal courts. While it is not clear exactly what issues Winters is arguing, we address the claims Winters makes.

¶15. Winters cites Mississippi Rule of Appellate Procedure 3 seemingly to argue that he was entitled to an appeal for his felony-worthless-check conviction. However, Winters pled guilty to the crime and waived his right to appeal. The circuit court judge properly informed Winters of this waiver during the plea colloquy:

> Q. If you demand a trial and the State was successful in convicting you and at that point in time I affix punishment, you would then have the right to appeal your case to a higher court, being the Court of Appeals or the Supreme Court, ask them to review the transcript of everything that took place and make a decision on whether or not you got a fair trial; however you are waiving and giving up any right to appeal any decision made by this Court today. Do you understand that?
>
> A. (By Defendant Winters): Yes sir.

As was previously discussed, Winters has no basis to argue that this plea was involuntary, so this issue is without merit.

¶16. Winters attempts to tie in issues with several other criminal cases he was involved in. At least one of these cases is within the federal court system. Our review is limited to the order from which Winters' notice of appeal stemmed. *See Nalls v. State*, 344 So. 3d 310, 315 (¶15) (Miss. Ct. App. 2022); M.R.A.P. 28(b). The order that is the subject of this appeal stemmed from Winters' PCR motion regarding his felony-worthless-check conviction. This PCR motion does not discuss any of Winters' other cases. At most, the PCR motion briefly mentioned his conviction under the habitual offender statute which was in connection to his possession charge. However, Winters' possession conviction was not raised as an issue in

his PCR motion. "Issues not raised in [a] motion for post-conviction relief are procedurally barred on appeal." *Bland v. State*, 312 So. 3d 417, 419 (¶11) (Miss. Ct. App. 2021) (quoting *Smith v. State*, 973 So. 2d 1003, 1006 (¶6) (Miss. Ct. App. 2007)). "A trial judge will not be found in error on a matter not presented to him for decisions." *Id.* (quoting *Hampton v. State*, 148 So. 3d 1038, 1041 (¶9) (Miss. Ct. App. 2013)). Therefore, any issues pertaining to Winters' other criminal cases are procedurally barred.

## CONCLUSION

¶17. Winters' PCR motion is both successive and time-barred under the UPCCRA. Furthermore, a reading of the statutory law shows that these PCR claims have no merit. Winters' additional claims either do not pertain to his felony-worthless-check conviction at issue on appeal, or they are without merit. Accordingly, we affirm the order of the circuit court dismissing Winters' PCR motion.

¶18. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**